BRUNNEY, APPELLEE, *v.* CONNOR, ADMR., BUREAU OF WORKERS' COMPENSATION ET AL., APPELLANTS.

(No. 82AP-7—Decided September 2, 1982.)

*Mr. Thomas J. Zuber,* for appellee Carolyn Brunney.

*Mr. William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for appellant Administrator.

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Robert A. Minor,* for appellant National Graphics Corp.

MOYER, J. This matter is before us on the appeal of defendants-appellants, Raymond A. Connor, Administrator of the Ohio Bureau of Workers' Compensation, and National Graphics Corporation ("defendant"), from a judgment of the Court of Common Pleas of Franklin County in favor of plaintiff-appellee and against defendants.

The facts are not in dispute. Plaintiff was employed by defendant National Graphics Corporation on December 6, 1979 when she injured her right ankle while returning from a lunch break. Defendant provided its employees with a company-owned parking lot directly

across a public street from its bindery facility in which plaintiff was working. The lot had two vehicle gates and a pedestrian gate which was almost directly opposite the entrance to defendant's facility.

On the date of her injury, plaintiff was working the second shift and was permitted to take a one-half hour lunch break at approximately 7:30 p.m. Defendant provides a lunch room on its premises, but plaintiff had assumed a practice of eating her lunch with her husband in their car parked in defendant's parking lot.

On the day of the injury plaintiff "clocked out," went to the parking lot to have her lunch which her husband had brought from home, and upon returning from her lunch break, while in the crosswalk between the pedestrian gate and the entrance to defendant's facility, plaintiff encountered a puddle of water which she jumped rather than walking around, thereby injuring her right ankle. When she arrived back in the building, she clocked in and finished her shift.

The sole question presented by this appeal is whether plaintiff sustained her injury in the course of and arising out of her employment. Defendants assert the following assignment of error in support of their appeal:

"The trial court erred in holding that an employee who is injured while returning to the site of his employment duties from a lunch break is entitled to participate in workers' compensation benefits where his lunch break is taken in a company owned parking lot which is separated from his employer's facility by a public road."

Despite defendants' analysis of the case law with respect to the compensability of injuries received by employees going to and coming from work or in a zone of employment and defendants' attempt to distinguish this case from the most recent decision of the Ohio Supreme Court, in *Baughman* v. *Eaton Corp.* (1980), 62 Ohio St. 2d 62 [16 O.O.3d 45], we conclude that the *Baughman* case is dispositive of this appeal.

In *Baughman,* the Supreme Court held that an employee who parked his automobile in his employer's parking lot immediately across the street from the employer's plant and was struck by another automobile while crossing a public street was injured in the course of and arising out of his employment. In *Baughman,* as in this case, the employer provided a free parking lot and the employee was required to cross a public street to reach the plant entrance. The only material fact that distinguishes this case from *Baughman* is that in *Baughman* the employee had just arrived at work to begin his shift whereas as in the case *sub judice* the employee was returning to work after a lunch break.

While we agree with defendants that the *Baughman* decision appears to conflict with the test developed in other decisions of the Supreme Court, as emphasized in the dissent in *Baughman,* we are compelled to apply the rule of the case to the facts of this case. Accordingly, we hold that an employee who is injured while crossing a public street that separates her job site from an employer-owned and -controlled parking lot, from which said employee is returning following a lunch break, is injured in the course of and arising out of her employment. Defendants' assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.