DELKER, APPELLANT, *v.* OHIO EDISON COMPANY ET AL., APPELLEES.

(No. 13832—Decided April 5, 1989.)

*John Anthony Bull,* for appellant.

*Deborah L. Cook,* for appellee Ohio Edison Company.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Michael Kristoff,* *Sr.,* for appellee Industrial Commission of Ohio.

REECE, J. Robert L. Delker appeals from the trial court's order granting summary judgment in favor of Ohio Edison Company ("Ohio Edison"), and dismissing Delker's complaint. We reverse and remand.

I

Delker, employed by Ohio Edison at its Cuyahoga Falls, Ohio, Gorge Power Plant facility, suffered injury to his right knee while changing his clothing in an employee locker room. His uncontradicted explanation reveals that he was standing on his right leg while lifting his left leg in order to don his trousers when he experienced a sharp pain within his right knee. Delker filed a claim for workers' compensation benefits relating to surgical repair of a torn meniscus in his right knee, which was disallowed at all administrative levels.

Delker subsequently advanced his claim to the Summit County Court of Common Pleas pursuant to R.C. 4123.519. Ohio Edison thereupon filed a motion for summary judgment pursuant to Civ. R. 56(C). Delker responded with a memorandum and affidavit in opposition. Ohio Edison countered with a supplemental memorandum and affidavit. The trial court

1

granted summary judgment in favor of Ohio Edison, issuing findings of fact that Delker's injury neither occurred in the course of, nor arose out of, Delker's employment, and conclusions of law stating that Delker failed to show that his injury occurred in the course of employment and failed to "* * * clearly eliminate an idiopathic cause[,]" pursuant to *Waller* v. *Mayfield* (1988), 37 Ohio St. 3d 118, 524 N.E. 2d 458.

## II

## Assignment of Error I

"The trial court erred to the prejudice of plaintiff-appellant in finding that no reasonable mind could conclude that he was in the course of his employment at the time of his work injury."

Trial and appellate courts adhere to the same standard in reviewing summary judgment. Inferences to be drawn from the underlying facts "* * * must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions the motion should be overruled." *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433, 21 O.O. 3d 267, 271, 424 N.E. 2d 311, 315. It must appear from the evidence that reasonable minds can come to but one conclusion: that the moving party is entitled to judgment as a matter of law. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267; *Mitchell* v. *Ross* (1984), 14 Ohio App. 3d 75, 14 OBR 87, 470 N.E. 2d 245.

For an injury to be compensable under workers' compensation, it must be "* * * received in the course of, and aris[e] out of, the injured employee's employment." R.C. 4123.01(C). Ohio

Edison sought summary judgment based upon its assertion that Delker's injury neither occurred in the course of nor arose out of Delker's employment. Delker opposed this assertion by memorandum and affidavit contending that the injury occurred both in the course of and arose out of his employment. Ohio Edison bolstered its position by submitting a supplemental memorandum and affidavit controverting Delker's affidavit.

Ohio Edison contended below that Delker's injury occurred after his scheduled work period had ended. Although Ohio Edison did not dispute that it provided shower and locker room facilities for employees, it did maintain that Delker was not among the class of employees who are paid for the time required to shower following a work shift. Ohio Edison instead asserted that Delker was not required to shower following his shift, and was not paid for doing so if he chose to utilize the facilities provided by Ohio Edison.

Delker argued that the injury occurred in Ohio Edison's locker room, following Delker's use of Ohio Edison shower facilities, but prior to Delker's "clocking out" for the shift. Delker further claimed that, notwithstanding any controversy regarding whether or not he was indeed "on the clock" at the time of his injury, proper inquiry by the trial court into the standard set forth by R.C. 4123.01(C) encompasses a much broader area than a simple determination as to whether an employee is on or off the clock.

This court is inclined to agree with Delker. The trial court, in its judgment entry setting forth findings of fact and conclusions of law,[1] substantially based its decision upon a finding that Delker

---

[1] The language of Civ. R. 56(C) compels this court to note that a trial court's find-

ings of fact represent an inherent incongruity under summary judgment pro-

"* * * had completed work, clocked out and was changing clothes following a shower on his own time[;] * * * since he was not in the class of employees who are granted, and paid for, clean up time after work, [he] was not in the course of employment."

By so finding, the trial court appears to have ignored that substantial body of well-settled workers' compensation law which broadens the definition of "course of employment" to include occurrences outside scheduled work hours.

In *Sebek* v. *Cleveland Graphite Bronze Co.* (1947), 148 Ohio St. 693, 698, 36 O.O. 282, 284, 76 N.E. 2d 892, 894-895, our Supreme Court stated:

"A rule recognized, and often applied by this court, is that an employee to be entitled to compensation need not necessarily be engaged in the actual performance of work for his employer at the time of an injury. It is sufficient if he is engaged in a pursuit or undertaking consistent with his contract of hire and which in some logical manner pertains to or is incidental to his employment."

Thus, employees have been found to be in the course of employment when returning to pick up a paycheck after being terminated (*Parrott* v. *Indus. Comm.* [1945], 145 Ohio St. 66, 30 O.O. 284, 60 N.E. 2d 660), while attending a company picnic (*Kohlmayer* v. *Keller* [1970], 24 Ohio St. 2d 10, 53 O.O. 2d 6, 263 N.E. 2d 231), and while crossing a public street adjacent to a parking lot controlled by the employer (*Baughman* v. *Eaton Corp.* [1980], 62 Ohio St. 2d 62, 16 O.O. 3d 45, 402 N.E. 2d 1201).

Learned commentary likewise indicates that factors other than those specifically addressed by the trial court must be considered in order to correctly determine whether an employee is in the course of his employment:

"Taking a shower at the end of the work day on the premises is also in the course of employment. It is curious that there was at one time some reluctance in several jurisdictions to accept bathing as one of the activities covered [by workers' compensation.]" 1A Larson, The Law of Workmen's Compensation (1985) 5-54 to 5-55, Section 21.63. See, also, Young, Workmen's Compensation Law of Ohio (1963), Section 5.9.

Delker argues that the showers and locker room provided by Ohio Edison are, at a minimum, an ancillary benefit provided to employees and therefore incidental to employment at the Ohio Edison facility. Ohio Edison maintains that the shower and locker facilities are merely provided as a courtesy to those employees who are not remunerated for bathing time, and are therefore not incidental to employees within Delker's particular class. We decline to determine the merits of the parties' contentions relating to genuine issues of material fact at this juncture; such determination is appropriately left to the trier of fact.

The trial court was therefore presented with a factual dispute as to whether Delker was or was not within the course of his employment when he was injured, and whether or not the injury arose out of his employment. The trial court, in granting summary judg-

---

ceedings. Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that:

"(1) No genuine issue as to any material fact remains to be litigated; [and] (2) the moving party is entitled to judgment

as a matter of law[.] * * *" *Temple* v. *Wean United, Inc., supra,* at 327, 4 O.O. 3d at 472, 364 N.E. 2d at 274.

Findings of fact in summary judgment proceedings are therefore improper.

4

ment in favor of Ohio Edison, erroneously determined genuine issues of material fact in dispute. This is not the correct approach to a summary judgment motion; if material facts are disputed, summary judgment is improper. *Toledo's Great Eastern Shoppers City, Inc.* v. *Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St. 3d 198, 201, 24 OBR 426, 428-429, 494 N.E. 2d 1101, 1103-1104.

Accordingly, this court finds that the trial court erred by granting summary judgment in favor of Ohio Edison. Delker's first assignment of error is well-taken.

### Assignment of Error II

"The trial court erred to the prejudice of plaintiff-appellant in analyzing this case under the 'unexplained fall' standard established in *Waller* v. *Mayfield* (1988), 37 Ohio St. 3d 118."

Although this court's decision upon Delker's first assigned error necessitates remand to the trial court for further proceedings upon the merits, the trial court's application of the "unexplained fall" analysis of *Waller* to the matter herein requires our analysis.

In *Waller,* the Supreme Court expressly limited its analysis to "* * * worker[s'] compensation cases involving an unexplained fall * * *." *Waller,*

supra, at paragraph two of the syllabus. *Waller* and the "unexplained fall" cases it discusses invariably require the same factors: a fall precipitated by some unidentifiable cause which results in injury to the claimant. The fall itself must therefore precipitate the injury, as the injury suffered is a direct result of the fall.

Both Delker and Ohio Edison agree that Delker's injury did not occur as the result of a fall.[2] Consequently, the standard formulated by the Supreme Court in *Waller, supra,* requiring a claimant in an unexplained fall case to eliminate idiopathic causes before an inference arises that the fall was traceable to some ordinary, yet unidentified, risk to which the employee was exposed on the employment premises, is inapplicable to the matter herein. The trial court therefore erred in applying the *Waller* standard and its attendant idiopathic-cause analysis to this case. Delker's second assignment of error is well-taken.

Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CACIOPPO, P.J., and BAIRD, J., concur.

---

[2] Curiously, the trial court's judgment entry indicates that Delker "* * * suffered a *fall* while changing from his work clothes following work. * * *" (Emphasis added.) This particular finding, however, is not substantiated by the record below, the pleadings of either party, or the briefs submitted to this court. We will therefore interpret this finding as a simple oversight on the part of the trial court, and accord to it such weight.