## Curran v. Mayfield
*[Cite as 7 AOA 139]*

*Case No. CA-391*
*Perry County, (5th)*
*Decided October 11, 1990*

*Sanford A. Meizlish, Barkan & Neff, 360 South Grant Ave., P.O. Box 1969, Columbus, Ohio 43216, for Plaintiff-Appellee.*

*Anthony J. Celebrezze, Jr., Attorney General of Ohio and Peter E. DeMarco, Assistant Attorney General, Workers' Compensation Section, 65 E. State St., Suite 708, Columbus, Ohio 43266-0590, for Defendant-Appellant.*

MILLIGAN, P.J.

Appellee was injured on her employer's premises. A district hearing officer of the Industrial Commission and the Columbus Regional Board of Review denied her claim. The Industrial Commission refused to hear her appeal. She appealed to the Perry County Court of Common Pleas, which granted her motion for summary judgment and denied appellants' motion for summary judgment. The Bureau of Workers' Compensation appeals the summary judgment for appellee, assigning two errors:

"ASSIGNMENT OF ERROR NO. I.
"IT WAS ERROR FOR THE TRIAL COURT TO FIND THAT THE APPELLEE WAS INJURED IN THE COURSE AND SCOPE OF HER EMPLOYMENT.

"ASSIGNMENT OF ERROR NO. II.
"IT WAS ERROR FOR THE TRIAL COURT TO GRANT SUMMARY JUDGMENT BECAUSE OF THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT."

The parties stipulated to the facts surrounding appellee's injury.

Appellee and her son were both employed by the Perry County Cheese Company. They shared transportation to and from work. On November 5, 1985, appellee worked from 3:00 p.m. to 11:00 p.m. She went to the parking lot to wait for her son in the car. After she waited several minutes and he did not appear at the car, she returned to the employer's building to locate him. When she re-entered the building, she fell, sustaining injuries.

I.

The standard and evidence upon which we review the summary judgment is the same for us as it is for the trial court. *Smiddy v. The Wedding Party. Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212.

"... Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor..."
Civ. R. 56(C).

Whether there is sufficient connection between an injury and employment to fall in the course of employment for the purpose of receiving Workers' Compensation benefits depends on the totality of the circumstances, including:

"(1) the proximity of the scene of the accident to the place of her employment,

"(2) the degree of control the employer had over the scene of the accident, and

"(3) the benefit the employer received from the injured employee's presence at the scene of the accident." *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 423 N.E.2d 96, at syllabus.

Appellants argue that appellee was not injured in the course of her employment because there was a long delay between the time she left the building and the time she returned. He argues that this delay was one and one-half hours.

The parties stipulated that the delay was "several minutes." Construing the term "several minutes" in a light most favorable to appellants, reasonable minds could not find several minutes to constitute a long delay, certainly not one and one-half hours.

In *Griffin v. Hydra-Matic Division, General Motors Corp.* (1988), 39 Ohio St.3d 79, 529 N.E.2d 436, the Ohio Supreme Court found that an employee was injured in the course of employment where she completed her work for the day and fell while walking to her car. The case *sub judice* is factually similar to *Griffin.*

Appellants attempt to distinguish *Griffin* on the bases that this case involves a long time delay, and appellee was injured while on a personal errand. As discussed above, the stipulation that the time delay was several minutes does not support the contention that the time delay was long. We find no significant distinction between leaving work to go home and re-entering the work site in search of a fellow employee to begin the commute home.

Appellant also argues that the employer had no control over appellee's actions at the time she re-entered the building and received no benefit from her action. However, the employer did have control over the premises on which appellee was injured. The employer benefitted from the arrangement whereby its employees shared transportation to and from

work. See *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 551 N.E.2d 1271 (teacher collecting for "flower fund," who fell while exiting a school in which she did not teach 15 minutes before she was to begin work, was injured in the course of employment). See, also, *Brunney v. Connor* (1982), 7 Ohio App.3d 246, 455 N.E.2d 528 (employee crossing public street between job site and parking lot following lunch break was injured in the course of employment); *Delker v. Ohio Edison* (1989), 47 Ohio App.3d 1, 456 N.E.2d 975 (summary judgment for employer improper where employee was injured after work hours in the employer's locker facilities, stepping into his trousers after taking a shower).

The first assignment of error is overruled.

II.

In their Loc. R. 4(D) statement, appellants identify as issues of material fact the length of the delay, the cause of the delay, and what appellee did during the delay. Appellants' brief further identifies as an issue of fact whether appellant knew why her son was late.

The parties stipulated that appellee waited several minutes before going to look for her son. As discussed in Section I, reasonable minds could not find several minutes to be a length of time sufficient to sever the work relationship.

As to the cause of the delay and whether appellee knew why her son was late, these questions are immaterial to the issue of whether appellee was in the course of her employment when she entered the building to look for her son. Whatever might have caused him to be late, she was searching for him so they could leave work. Similarly, what appellee did during the several minutes she waited in the car is immaterial to the question of whether she was in the course of employment when she fell.

The second assignment of error is overruled.

All assignments of error having been overruled, the summary judgment of the Perry County Common Pleas Court is affirmed.

HOFFMAN, J., and GWIN, J., concur.