KLINE et al., Appellants,

v.

FELIX, Appellee.

[Cite as *Kline v. Felix* (1991), 81 Ohio App.3d 36.]

Court of Appeals of Ohio,
Summit County.

No. 14870.

Decided June 19, 1991.

*William J. Detweiler,* for appellants.

*Edward A. DiGiantonio* and *Mark B. Smith,* for appellee.

REECE, Judge.

Jack and Deanna Kline (collectively "Kline") appeal from the trial court's entry of summary judgment in favor of James E. Felix, D.D.S., on Kline's complaint of dental malpractice.

Jack Kline first visited Dr. Felix in early 1984 regarding pain and numbness associated with his dentures. Dr. Felix eventually determined that Kline needed a subperiosteal implant in his lower jaw, surgically implanted into the gums of the jaw to replace atrophied bone tissue and support a new denture. Dr. Felix inserted such an implant at his office on March 28, 1985.

Kline experienced pain and discomfort. In May 1986, Dr. Felix noted a nodule near the front of the implant and treated the same with medication. On October 14, 1987, Dr. Felix debrided the nodule and continued treatment. The nodule reappeared, and Dr. Felix performed another debridement on February 29, 1988. Dr. Felix last treated Kline on April 21, 1988.

Kline alleges he continued to suffer with pain, numbness and discomfort and on July 23, 1988 visited Charles A. Babbush, D.D.S. Dr. Babbush removed the subperiosteal implant emplaced by Dr. Felix and replaced it with another.

On March 17, 1989, Kline's attorney sent Dr. Felix the following letter:

"Dear Dr. Felix:

"Please be advised that this office represents Jack Kline who suffered severe pain, numbness and infection of his lower jaw as a result of your treatment. It is my understanding that on several occasions you offered to return all monies collected by your office for services performed on Mr. Kline. Unfortunately, because of the subsequent jaw surgery required to alleviate the pain and stop the infection, Mr. Kline has experienced additional pain and suffering and has incurred additional expense as well.

"Accordingly, you are hereby given notice that Mr. Kline intends to file a dental claim against you within One Hundred Eighty (180) days from the date of this letter. It is my hope that a lawsuit will not have to be filed. Instead, I will send a settlement brochure to your office. Upon your review of the settlement brochure, please contact me at your earliest convenience so that we can settle this matter expeditiously.

"Sincerely,
"Hoover, Heydorn &
 Herrnstein Co., L.P.A.
"William J. Detweiler

"* * * *

"Certified Mail No: 785 549 762"

Kline filed his complaint against Dr. Felix on September 12, 1989.

Dr. Felix received two leaves to plead, and answered the complaint on December 1, 1989. Following a period of general discovery, Dr. Felix filed his motion for summary judgment, asserting that Kline's action was time-barred by both the one-year statute of limitations for dental malpractice, R.C. 2305.11(B)(1), and the four-year statute of repose, R.C. 2305.11(B)(2). Kline did not respond to the motion.

On October 19, 1990, sixteen days after Dr. Felix filed his motion, the trial court entered summary judgment on his behalf. The court determined that Kline's action was time-barred by the one-year statute of limitations of R.C. 2305.11, and that Kline's March 17, 1989 letter to Dr. Felix, *supra*, did not serve to extend the statute pursuant to R.C. 2305.11(B)(1), relying on the holding in *Rowe v. Bliss* (1980), 68 Ohio App.2d 247, 22 O.O.3d 417, 429 N.E.2d 450. The trial court also determined, without reference to authority or supporting facts, that Kline's case was time-barred by the four-year statute of repose, R.C. 2305.11(B)(2)(b). Kline raises a single assignment of error for our review.

## ASSIGNMENT OF ERROR

"The trial court erred by granting the motion to dismiss and the motion for summary judgment to the defendant."

Trial and appellate courts adhere to the same standard in reviewing summary judgment. Inferences drawn from the underlying facts are viewed "in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions the motion should be overruled." *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 315. "It must appear from the evidence that reasonable minds can come to but one conclusion: that the moving party is entitled to judgment as a matter of law." *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976. See *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267, and Civ.R. 56(C).

Kline did not respond to Dr. Felix's motion for summary judgment, nor did he offer this court a valid explanation as to why he failed to oppose the motion in the trial court. Dr. Felix urges us to affirm the trial court's entry of summary judgment on the basis that because Kline failed to oppose the motion in the trial court, he waived his right to raise the argument on appeal, citing *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798.

Although a party opposing summary judgment may not merely rest upon the pleadings in order to demonstrate that the moving party is not entitled to judgment as a matter of law, *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 11 OBR 319, 463 N.E.2d 1246, we note that Dr. Felix raised the statute of limitations as an affirmative defense to Kline's complaint. Dr. Felix thus bore the burden of going forward upon this defense. Accordingly, Kline did not waive his right to challenge summary judgment by failing to oppose Dr. Felix's motion in the trial court under the facts of this case. We must therefore view the evidence presented in a light most favorable to Kline to

determine whether Dr. Felix was entitled to judgment as a matter of law. *Delker, supra,* 47 Ohio App.3d at 2, 546 N.E.2d at 976.

The trial court relied upon the holding in *Rowe v. Bliss, supra,* to determine that "[t]he statute was not extended by the notice sent by [Kline's attorney] since the statute requires specific language that an 'action' will be brought within 180 days." Dr. Felix drew a strong analogy between *Rowe* and the case at bar in his motion for summary judgment.

In *Rowe, supra,* the plaintiff-patient terminated the physician-patient relationship with the defendant-physician on March 11, 1976. On August 11, 1976, the plaintiff's attorney sent the following letter to the physician:

"Dear Dr. Bliss:

"This office has been retained by Lee and Corrine Rowe with regard to treatment rendered to Corrine Rowe by you in February and thereafter of this year * * *.

"As a result of that treatment, Mrs. Rowe has experienced numerous problems, and you may regard this letter as formal notice of a claim against you therefor.

"Please forward this letter to your professional insurance carrier. Any and all correspondence regarding this matter should be directed to this office.

"Very truly yours,
"DOGGETT & WAIS
"BY: Robert M. McEvilley"

On February 28, 1977, the attorney sent another letter:

"Dear Dr. Bliss:

"Pursuant to amended Ohio Revised Code Section 2305.11(A), notice is hereby given that Mrs. Corrine Jean Rowe is presently considering bringing an action against you, relating to professional services provided to her.

"Very truly yours,
"DOGGETT & WAIS
"BY: Robert M. McEvilley"

The *Rowe* court was presented with the question as to whether the August 1976 letter constituted the written notice contemplated by R.C. 2305.11(A) (now R.C. 2305.11[B]). *Rowe, supra,* 68 Ohio App.2d at 247–248, 22 O.O.3d at 417–418, 429 N.E.2d at 452.

Reversing the trial court's ruling, the appellate court determined that the plaintiff's August 1976 letter notified the defendant of a "claim" resulting from his treatment of the plaintiff, but that there was no indication that the appellant was "presently considering an action" to enforce the claim. *Rowe,*

*supra,* at 251, 22 O.O.3d at 420, 429 N.E.2d at 452. The court found that the August letter fell short of the requirements of present R.C. 2305.11(B)(1), but that the February 1977 letter in fact met these requirements and thus extended by one hundred eighty days the plaintiff's time to file her action. *Id.* Her claim was found not to be time-barred. *Id.*

Comparing the two letters analyzed in *Rowe, supra,* to the letter in the case at bar, we find that Kline's letter more closely approximates the second letter in *Rowe,* which the court found to be within the requirements of R.C. 2305.11(B)(1), than the first, which that court determined fell short of such requirements. In *Rowe,* the second letter reads in part that "notice is hereby given that [plaintiff] is presently considering bringing an action against you, relating to professional services provided to her." *Id.* at 248, 22 O.O.3d at 418, 429 N.E.2d at 451. In the case at bar, the letter reads in part that "you are hereby given notice that Mr. Kline intends to file a dental claim against you within One Hundred Eighty (180) days from the date of this letter." In contrast, the first letter in *Rowe* stated in part that "you may regard this letter as formal notice of a claim against you[.]" *Id.* Moreover, Kline's letter specifically confirmed that he was considering the filing of a lawsuit against Dr. Felix by stating that "[i]t is my hope that a lawsuit will not have to be filed."

The only item thus differentiating Kline's letter from the second letter in *Rowe, supra,* is the reference to R.C. 2305.11(B)(1), which is not required by the terms of the statute. Because we find that Kline's March 17, 1989 letter to Dr. Felix met the requirements of R.C. 2305.11(B)(1), and extended the one-year statute of limitations on his claim until November 13, 1989, his complaint as filed on September 12, 1989 was not time-barred.

■ The trial court also granted summary judgment on the basis that Kline's claim was barred by the four-year statute of repose in R.C. 2305.-11(B)(2)(b). As Dr. Felix notes in his brief, "an action for dental malpractice must be filed within four (4) years after the occurrence of a negligent act or omission or be time-barred." There is nothing in the record before this court dispositive of the factual issue as to when the negligent act or omission occurred. Dr. Felix's affidavit, filed in support of his motion for summary judgment, identifies no less than four dates, from January 1985 to February 1988, when he performed oral surgical procedures on Kline. Absent a factual predicate upon a genuine issue material to Kline's cause, the trial court could not properly enter summary judgment. Thus, the trial court erred by granting Dr. Felix judgment as a matter of law, and Kline's error assigned is sustained.

Based upon the foregoing, the judgment of the trial court is reversed, and this case is remanded for proceedings consistent with this decision and law.

*Judgment reversed*
*and cause remanded.*

CACIOPPO, P.J., and COOK, J., concur.