KULOW, Appellant,

v.

CRAGO, Appellee.*

[Cite as *Kulow v. Crago* (1995), 103 Ohio App.3d 138.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 94–T–5120.

Decided April 24, 1995.

*Richard D. Goldberg* and *Mary Ellen Brannigan,* for appellant.

*Israel & Wood, P.C.* and *James F. Israel,* for appellee.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 73 Ohio St.3d 1450, 654 N.E.2d 986.

NADER, Judge.

This is an appeal from an entry of summary judgment in the Trumbull County Court of Common Pleas. This appeal has been submitted for consideration upon the briefs of the parties.

On September 12, 1988, appellee Robert H. Crago, M.D. performed a right inguinal hernia repair on appellant[1] Paul J. Kulow. After release from the hospital appellant's right testicle became swollen. Appellee examined appellant and informed him that the swelling was the result of an impaired blood line. On November 22, 1988, appellant discovered that his right testicle had atrophied.

Appellants initially sought counsel from Attorney Michael I. Walling. On March 21, 1989, Walling sent a letter to appellee, which stated:

"This law firm has been retained to represent the interests of Paul J. Kulow relative to surgery which you performed on him on September 12, 1988. As you may be aware, subsequent to that surgery Mr. Kulow suffered atrophy of his right testicle. Our medico-legal research and consultations indicate that his complication would not have occurred but for some deviation during the surgical procedure. We have therefore advised our client that, in our opinion, you are liable to him in damages for the atrophy of his right testicle.

"Prior to the institution of litigation we are willing to explore the possibilities of an amicable settlement and resolution of the matter. If you carried medical malpractice insurance at the time that this surgery was performed, I strongly recommend that you turn this letter over to your insurance company. If you did not have malpractice insurance in force at the time this surgery occurred, I suggest that you turn the matter over to your attorney, and ask him to contact me."

A second letter was sent by appellants' counsel to appellee on September 1, 1989, which stated:

"Please be advised that Paul J. Kulow is presently considering bringing a medical claim against you in the Trumbull County, Ohio Common Pleas Court relating to professional services supplied to Mr. Kulow in September, 1988. This notice is being sent to you pursuant to Section 2305.11(A), Ohio Revised Code, which is hereby incorporated by reference as though fully rewritten herein.

"If you have professional liability insurance you should turn this letter over to your insurance carrier as soon as possible."

---

1. The complaint filed against appellee included both Paul J. Kulow and his spouse, Dawn R. Kulow. For purposes of brevity, subsequent references to "appellant" will refer to Paul J. Kulow only.

Appellants filed suit against appellee on February 28, 1990. On October 21, 1991, appellants dismissed the action pursuant to Civ.R. 41(A). Appellants retained new counsel and refiled the suit on October 19, 1992. Appellee moved for summary judgment on March 30, 1994, contending that the action was not timely filed. On April 5, 1994, appellants filed a memorandum in opposition. The trial court entered an order on August 2, 1994, granting appellee's motion for summary judgment. Appellants timely appealed, asserting the following as error:

"The trial court erred in granting summary judgment on the issue of statute of limitations."

Appellants contend that the trial court erred in granting appellee's motion for summary judgment because their suit was timely filed. We agree.

R.C. 2305.11(B)(1) provides:

"[A]n action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given."

Appellee contends that the letter sent to him on March 21, 1989 constituted sufficient notice that an action against him was being considered and that, therefore, the one-hundred-eighty-day period, contemplated by R.C. 2305.11(B)(1), commenced on that date. Appellants contend that the March 21, 1989 letter was insufficient to constitute the notice contemplated by R.C. 2305.11(B)(1). Rather, appellants contend that proper notice was not given until the September 1, 1989 letter was sent.

In *Schrader v. Gillette* (1988), 48 Ohio App.3d 181, 549 N.E.2d 218, paragraph one of the syllabus, this court held that the written notice contemplated by R.C. 2305.11 must "specifically state an action is presently being considered upon the claim." Similarly, in *Kline v. Felix* (1991), 81 Ohio App.3d 36, 610 N.E.2d 447, the court addressed the issue of what language is necessary to constitute sufficient notice as contemplated by R.C. 2305.11(B)(1). The court held that the following language was sufficient to provide notice:

" '[Y]ou are hereby given notice that Mr. Kline intends to file a dental claim against you within One Hundred Eighty (180) days from the date of this letter.' " *Id.* at 41, 610 N.E.2d at 448.

In the instant case, the March 21, 1989 letter contained no language which specifically stated that an action was being considered upon the claim. In

contrast, the September 1, 1989 letter specifically stated that appellant was "considering bringing a medical claim," and that the "notice is being sent to you pursuant to 2305.11(A) [*sic*], Ohio Revised Code."

Furthermore, R.C. 2305.11(B) was intended to provide a plaintiff an additional one hundred eighty days within which to file an action upon proper notice to defendant. The March 21, 1989 letter, if construed as appellee suggests, would not provide appellant an extension but a constriction of the statute of limitations. It is clear that the first letter was meant only to invite offers of settlement, an act which promotes judicial economy and which should not be discouraged. As a result, we hold that the March 21, 1989 letter did not constitute the notice required by R.C. 2305.11(B), and the trial court erred in so holding. Appellants' assignment of error is well taken.

In accordance with the foregoing, the judgment of the trial court is hereby reversed and remanded for proceedings consistent with this opinion.

*Judgment reversed.*

CHRISTLEY, P.J., and MAHONEY, J., concur.