OPINION
On January 16, 1997, Beth S. Josolowitz filed a complaint in the Franklin County Court of Common Pleas against Grant/Riverside Methodist Hospital Corporation ("Grant/Riverside") and William Briggs, M.D. In addition, Ms. Josolowitz named as defendants Jane and/or John Doe doctors, nurses and technicians, whose identities were unknown at the time. Ms. Josolowitz's claims arose out of medical treatment rendered to her beginning on October 31, 1995 and continuing thereafter.
Ms. Josolowitz had been admitted to Riverside Methodist Hospital on October 31, 1995 with complaints of pain, swelling and discoloration of her left arm. While at the hospital, Ms. Josolowitz was treated by many doctors, nurses and technicians, including Kenneth S. Lutter, M.D., a general and vascular surgeon. Ms. Josolowitz was diagnosed with thoracic outlet syndrome, often referred to as effort vein thrombosis. On November 2, 1995, Dr. Lutter performed a first rib resection on Ms. Josolowitz, and Ms. Josolowitz was released from the hospital on November 14, 1995. Dr. Lutter continued seeing Ms. Josolowitz at his office. Dr. Lutter last saw Ms. Josolowitz at his office on April 29, 1996.
In her complaint, Ms. Josolowitz averred the defendants failed to exercise reasonable care, including failing to properly diagnose and treat her condition. Although Dr. Lutter was not named in the complaint, Ms. Josolowitz submitted instructions for service upon Dr. Lutter. On February 5, 1997, such service was returned and indicated it had been signed for Dr. Lutter on January 31, 1997.
On May 29, 1997, Ms. Josolowitz filed a motion for leave to file a first amended complaint in order to add defendants. Such amended complaint was filed on May 29, 1997. The amended complaint remained the same except it added as defendants four individual doctors — Dr. Lutter, Michael D. Streicher, M.D., Dan McFarland, M.D., and Stephen J. Jepsen, M.D.
On September 4, 1997, Ms. Josolowitz voluntarily dismissed Dr. Briggs. On June 25, 1999, the four individual doctors, including Dr. Lutter, filed a motion for summary judgment asserting the May 29, 1997 amended complaint was untimely filed.
On October 13, 1999, a notice of dismissal was filed, dismissing Drs. Streicher, McFarland and Jepsen. On November 4, 1999, a notice of dismissal was filed, dismissing Grant/Riverside.
On November 26, 1999, the trial court rendered a decision granting Dr. Lutter's motion for summary judgment. On December 7, 1999, an entry was journalized granting Dr. Lutter's motion for summary judgment. Such entry indicated that there was no just cause for delay.[1]
Ms. Josolowitz (hereinafter "appellant") has appealed to this court, assigning the following as error:
 The trial court erred in granting Appellee, Dr. Kenneth Lutter's Motion for Summary Judgment.
Appellant contends she timely filed suit against Dr. Lutter (hereinafter "appellee") and, therefore, summary judgment in appellee's favor on such issue was inappropriate. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370, citing Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. Our review of the appropriateness of summary judgment is de novo. See Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
Appellant's claim against appellee is for medical malpractice. R.C. 2305.11(B)(1) contains the time limit for bringing medical malpractice claims and states, in pertinent part:
 * * * [A]n action upon a medical * * * claim shall be commenced within one year after the cause of action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.
The first issue we must address is when the cause of action accrued. A cause of action for medical malpractice accrues, and the one-year statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury or when the physician-patient relationship for that condition terminates, whichever occurs later. Frysinger v. Leech (1987), 32 Ohio St.3d 38, paragraph one of the syllabus. We note that the parties do not discuss the so-called "discovery rule." Rather, it is clear that the issue here is when the relationship between appellee and appellant regarding the condition about which she now complains terminated.
The cause of action accrued on April 29, 1996, the last time appellee saw appellant for the condition about which she now complains. Appellant asserts that the physician-patient relationship did not end until January 13, 1997 or May 13, 1997. On January 13, 1997, appellee was coincidentally the on-call vascular surgeon when appellant presented in the Mount Carmel Hospital Emergency Room. Appellee reviewed and interpreted appellant's venogram ordered by an emergency room physician. The evidence shows that appellant's condition that day was unrelated to the condition about which she now complains. On May 13, 1997, appellee merely filled out a form for appellant from the Rehabilitation Services Commission, Bureau of Disability Determi-nation. Neither of these situations was sufficient to constitute a physician-patient relationship extending the time in which this medical malpractice cause of action accrued.
Accordingly, the one-year statute of limitations would have expired on April 29, 1997. Appellant sent appellee a one-hundred-eighty day notice letter pursuant to R.C.2305.11(B)(1). Appellee received such notice on October 31, 1996. Hence, appellant had until April 29, 1997 to file suit against appellee. See Marshall v. Ortega (2000), 87 Ohio St.3d 522, syllabus (the one-hundred-eighty day period begins to run from the date the last notice is received by potential defendants). As indicated above, the initial complaint was filed on January 16, 1997, which would have been timely. However, appellant did not add appellee as a party until the amended complaint which was filed on May 29, 1997, approximately one month after the one hundred eighty day-period expired.
Appellant contends the May 29, 1997 amended complaint relates back to the filing of the initial complaint. Appellant points out that in her initial complaint, she named as defendants John and/or Jane Doe doctors, whose identities were unknown at that time, and she caused appellee to be served with such initial complaint by certified mail. Therefore, appellant asserts that pursuant to Civ.R. 15, the amended complaint specifically naming appellee related back to the filing of the initial complaint.
Civ.R. 15(D) states:
 When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and the copy thereof must be served personally upon the defendant.
Appellee asserts that Civ.R. 15(D) only applies when the plaintiff is unaware of a defendant's name and that in the case at bar, appellant did know appellee's name, she merely was unsure appellee had been negligent. Appellee contends Civ.R. 15 cannot be used to extend the statute of limitations against a known, potential defendant. Related to this issue is Civ.R. 15(C), which states:
 Whenever the claim * * * asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
We agree with appellee that he was not an unknown potential defendant such that he fell under the designation of John Doe doctor as set forth in the initial complaint. Hence, Civ.R. 15(D) is not applicable. More importantly, Civ.R. 15(C) does not operate to allow appellant's amended complaint to relate back to the filing date of the initial complaint. In Kraly v.Vannewkirk (1994), 69 Ohio St.3d 627, paragraph one of the syllabus, the Supreme Court of Ohio held:
 Civ.R. 15(C) may be employed to substitute a party named in the amended pleading for a party named in the original pleading to permit the amended pleading to relate back to the date of the original pleading, provided the requirements of the rule are otherwise satisfied. * * * However, the rule may not be employed to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading. [Citation omitted.]
In Kraly, the defendant argued that the amended complaint did not substitute a proper party for one previously named in the original complaint but, instead, added a defendant while retaining a proper party. Id. at 631-632. The Supreme Court stated that the plain language of Civ.R. 15(C) relates to the substitution of a proper party for one previously misidentified in the original complaint. Id. at 632.
Here, appellant was not substituting a proper party for one previously misidentified in the original complaint. In her motion for leave to amend the complaint, appellant stated that she wanted to "join additional Defendants." Joining additional
defendants is not the same as substituting one defendant for another. Indeed, the amended complaint did not omit the defendants designated as Jane and/or John Doe doctors, rather, these unknown defendants remained parties. Appellant merely added to the list of defendants appellee and three other individually-named physicians. Hence, Civ.R. 15(C) does not apply to allow the relation back of the amended complaint to the initial complaint. Accordingly, the amended complaint against appellee was not timely filed.
Appellant lastly asserts that the original complaint served as a second one-hundred-eighty day notice. As indicated above, appellee was served with the original complaint. Appellant contends that she had one-hundred-eighty days from appellee's receipt of such to file a complaint against appellee. We disagree with appellant's contention.
The Supreme Court recently confirmed that under R.C.2305.11(B)(1), a claimant may send multiple written notices of intent to sue and that the one-hundred-eighty-day period begins to run from the date the last notice is received by a potential defendant. Marshall, supra, at syllabus. Hence, appellant is correct insofar as she asserts multiple notices are permissible. However, such notices must meet certain requirements in order to be valid. In Marshall, the Supreme Court stated that in order to be valid, a notice must state that the claimant is considering bringing a malpractice action against the recipient of the notice.Id. at 525-526. Indeed, R.C. 2305.11(B)(1) specifically states that the claimant give notice that he or she is considering bringing an action upon a claim. See, also, Kulow v. Crago
(1995), 103 Ohio App.3d 138, 140; Kline v. Felix (1991), 81 Ohio App.3d 36,40-41; and DeTray v. Mount Carmel Health (Apr. 17, 1997), Franklin App. No. 96APE08-1010, unreported at 9-10, discretionary appeal not allowed in (1997), 80 Ohio St.3d 1408.
Here, the initial complaint served upon appellee cannot serve as a valid notice pursuant to R.C. 2305.11(B)(1). Nowhere in such complaint or any accompanying documents does it state, in any form, that appellant was considering bringing a malpractice action against appellee. Indeed, the initial complaint specifically excludes appellee as a defendant. If anything, the initial complaint shows that appellant was not asserting a malpractice claim against appellee. Because the initial complaint does not sufficiently indicate that appellant was considering bringing a malpractice action against appellant, it does not serve as a valid one-hundred-eighty day notice pursuant to R.C.2305.11(B)(1).
In summary, appellant's arguments are not well-taken. Appellant failed to timely file her suit against appellee. Therefore, summary judgment in favor of appellee was appropriate. Accordingly, appellant's assignment of error is overruled.
Having overruled appellant's assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
 _________________ TYACK, J.
PETREE and DESHLER, JJ., concur.
[1] We note that this language was necessary as claims remained pending against Jane and/or John Doe doctors, nurses and technicians.