BAUGHMAN, APPELLEE, *v.*
EATON CORPORATION ET AL., APPELLANTS.

[Cite as Baughman v. Eaton Corp. (1980),
62 Ohio St. 2d   62.]

(No. 79-1524—Decided April 9, 1980.)

*Spohn & Sanislo Co., L.P.A.*, and *Mr. James J. McGarry*, for appellee.

*Messrs. Arter & Hadden* and *Mr. Smith Warder*, for appellant Eaton Corporation.

*Mr. William J. Brown*, attorney general, and *Mr. Solomon H. Basch*, for appellant Industrial Commission.

*Per Curiam.* Appellee is entitled to workers' compensation if his injuries were suffered "in the course of, and arising out of,***[his] employment," R. C. 4123.01(C). It is undisputed that if the injuries were sustained while appellee commuted to or from his place of employment, his injuries would not be compensable for failure to meet this statutory condition. *Lohnes v. Young* (1963), 175 Ohio St. 291.

Appellants contend that our past decisions holding that employee injuries are generally compensable when sustained while on an employer's premises, see, *e.g., Kasari* v. *Indus. Comm.* (1932), 125 Ohio St. 410, or while in an employer's parking lot, *Marlow* v. *Goodyear Tire & Rubber Co.* (1967), 10 Ohio St. 2d 18, are not dispositive because the injuries herein were sustained while appellee traversed a public street *between* Eaton's parking lot and Eaton's plant premises. We disagree. Appellee parked his automobile in the only employer parking lot then available to him free of charge. His injuries occurred on the public street as he proceeded, without deviation, toward the plant entrance prior to the commencement of his shift. Finally, appellee could not reach the plant entrance without crossing the public street. On these facts, it would be unreasonable to deny appellee compensation.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, KERNS, SWEENEY and LOCHER, JJ., concur.

HERBERT and HOLMES, JJ., dissent.

KERNS, J., of the Second Appellate District, sitting for P. BROWN, J.

HOLMES, J., dissenting. I must dissent in that the holding in this case departs from the position taken in a long line of cases previously pronounced by this court. The issue in this case, as well as in others to be referred to, is whether the injuries are "received in the course of, and arising out of, the injured employee's employment." R. C. 4123.01(C).

Here, in my view, Eaton correctly argues that the injuries are not compensable because they occurred on a public street not under Eaton's control.

In general, injuries suffered by an employee going to and from his place of employment are not compensable. See *Indus. Comm.* v. *Heil* (1931), 123 Ohio St. 604. Conversely, injuries suffered upon the employer's premises while traveling to and from work are compensable. The employer's premises may include a parking lot owned or under the control of the employer, see *Marlow* v. *Goodyear Tire & Rubber Co.* (1967), 10 Ohio St. 2d 18. This may be extended in certain instances to areas not owned by the employer, or where the area may be technically a public way or thoroughfare, where such area is maintained or controlled by the employer, see *Indus. Comm.* v. *Barber* (1927), 117 Ohio St. 373.

Basically, the "premises" rule has generally required the injury to have taken place within the "zone of employment." I recognize that there have been cases which present seeming exceptions to the "zone of employment" rule and they are those which have allowed recovery where the injury occurred in an area neither owned nor controlled by the employer. Such cases involved a fact pattern evidencing the injury being occasioned on a route required or necessary for the employee to travel to his place of employment, and a special hazard being present on such route, such as a railroad.

I believe that the decision in *Indus. Comm.* v. *Henry* (1932), 124 Ohio St. 616, was based primarily upon the rationale of a "special hazard" being present. In that case the facts show that the employer was aware that the employee had made a daily practice of leaving the employer's premises and crossing railroad tracks in order to arrive at a restaurant for a

mid-morning breakfast. The court upheld a recovery by the wife-survivor for the death of her husband-employee due to his being hit by a train as he was returning from the restaurant.

The court should not extend, or add additional exceptions to, the "zone of employment" rule where the area being traveled is a public highway not shown to be a "special hazard."

Here, in my view, the injuries were not "received in the course of, and arising out of, the injured employee's employment" pursuant to R. C. 4123.01(C).

HERBERT, J., concurs in the foregoing dissenting opinion.