POWERS, Appellant,

v.

FRANK Z CHEVROLET, Appellee, et al.

[Cite as *Powers v. Frank Z Chevrolet* (1995), 100 Ohio App.3d 718.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14608.

Decided Feb. 1, 1995.

*Michael E. Susco,* for appellant.

*Preston J. Garvin* and *Mark M. McCarthy,* for appellee Frank Z Chevrolet.

---

WOLFF, Judge.

Roger Powers appeals from the judgment of the Montgomery County Common Pleas Court which affirmed the Industrial Commission's denial of Powers's workers' compensation claim.

On February 12, 1990, Powers was struck by a car as he was walking across Brown Street on his way into work as a salesman for Frank Z Chevrolet ("Frank Z"). Powers's right leg was injured in the accident. Powers had parked on Stonemill Road, west of Brown Street. He was supposed to report into work at the Frank Z used car lot on the southeast corner of Stonemill and Brown.

Powers parked on the street because Frank Z employees were not permitted to park in any of the sales lots. Frank Z claimed that it provided off-street employee parking in a particular area of its property, but the trial court found that Powers did not know that an employee parking area existed. No Frank Z employees used the alleged employee parking lot.

Frank Z was located on various lots on portions of several city blocks. In order to move from one area of the Frank Z complex to another, the employees and customers had to cross public streets. For example, in order to accept a deposit on a used car, Powers had to cross from the south side of Stonemill, east of Brown, to the north side of Stonemill to get to the main office located in the new car lot. Similarly, it was necessary to cross Brown Street to get from the main office to the Geo lot. Thus, during a typical business day, the salespeople frequently crossed public streets.

Powers filed a claim with the Bureau of Workers' Compensation for the injuries he sustained in the February 12, 1990 accident. After a hearing, a district hearing officer determined that Powers did not sustain his injury "in the course of and arising out of" his employment. Upon appeal, the Dayton Regional Board of Review affirmed the hearing officer's order. Powers appealed the decision to the Industrial Commission, but the commission refused the appeal.

On July 19, 1992, Powers filed an appeal to the common pleas court, and the trial judge referred the matter to a referee. The referee held an evidentiary hearing and issued a report and recommendation. The referee found that Powers was not injured "in the course of or arising out of" his employment, and recommended that judgment be entered denying his workers' compensation claim. The trial court adopted the referee's findings and conclusions and entered judgment in favor of Frank Z.

Powers asserts a single assignment of error:

"The trial court erred to the prejudice of the plaintiff-appellant in overruling appellant's objection to [the] referee's report and finding that appellant was not injured in the course of and arising out of his employment with Frank Z Chevrolet."

Powers contends that, although he had not yet reported to work when he was injured, his injury occurred in the course of and arising out of his employment because he regularly was required to walk across public streets to fully perform his work duties.

In order to participate in workers' compensation according to R.C. Chapter 4123, it is axiomatic that the employee must be injured "in the course of, and arising out of," his employment. This standard ensures that employees are only compensated when their injuries are causally related to the activities, conditions, and environment of their employment. *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 68, 572 N.E.2d 661, 663–664. "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." *Id.*

However, exceptions have been carved out of this "going and coming" rule when the employee has demonstrated that a causal connection exists despite the fact that he was traveling to or from his place of employment. The Supreme Court of Ohio has recognized a "special hazard or risk" exception, which allows the employee to collect workers' compensation benefits when the employment creates a special hazard and the employee's injury results from that hazard. *Id.* The Supreme Court has also recognized a "zone of employment" exception, which renders an injury compensable if it occurred within the zone of employment. *Id.*, 61 Ohio St.3d at 69, 572 N.E.2d at 664. Powers contends that the circumstances of his injury fall within each of these exceptions and, therefore, that he was entitled to workers' compensation benefits.

The "special hazard" exception "applies where: (1) 'but for' the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public." *Id.*, 61 Ohio St.3d at 68, 572 N.E.2d at 664. Powers and Frank Z agree that Powers would not have been crossing Brown Street at the time of the accident but for his employment; therefore, the first prong of this test has been met.

As to the second prong of this test, Powers claims that Frank Z created a special hazard because the salespeople were required to cross public streets so

frequently, and, therefore, he faced a greater quantitative risk of being struck while crossing the street. The referee found that "there was no evidence that [Powers's] risk was any different than [that of] any other member of the public. Although [Powers] testified that he crossed the streets up to 100 times per week, this still does not establish that his risk of danger was any greater than [that of] a member of the public." Powers did not offer any proof that the number of times which he crossed the streets surrounding Frank Z was significantly greater than those of the general public using those streets. As the referee stated, "It could be surmised from the evidence that any student who also parks [in] this area [near the University of Dayton] could be exposed to the same degree of risk in [his or her] continual coming and going to various classes throughout a single day or week." This finding, which was adopted by the trial court, is supported by competent evidence, and we will not disturb it on appeal.

Additionally, the bulk of the evidence presented by Powers relating to the number of times he was required to cross public streets referred to his activities after he had reported to work and while he was performing his job duties. Even Frank Z concedes that, if Powers had been injured during the performance of his job, he would have been entitled to workers' compensation benefits. However, Powers was injured on his way to work. Powers did not provide evidence that crossing one public street to get from his car to his office was a quantitatively greater risk than the risk common to the public. Moreover, Powers chose his parking spot with full knowledge that he would have to cross Brown Street to report to work. Evidence was presented to demonstrate that Brown Street was by far the most heavily traveled street in the area surrounding Frank Z. He was free to find a parking spot which would not have required him to cross Brown, but he elected instead to park in the closest available parking spot. Thus, it appears more likely that he, rather than Frank Z, created any special hazard that he faced on his way into work.

■ Powers also argues that he is entitled to workers' compensation benefits because he was within the "zone of employment" when he was injured. Powers testified as to the locations of the various Frank Z lots, and it was established that he was required to cross public streets to go from one lot to another. Therefore, he argued that the public streets located between the various lots were within his zone of employment, entitling him to participate in the Workers' Compensation Fund. The Supreme Court has recognized that "an employee is no longer subject to strict application of [the going and coming] rule *once he reaches the premises of his employer.* Injuries sustained while the employee is within this 'zone of employment' may be compensable." (Emphasis added.) *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 304, 15 O.O.3d 359, 360, 401 N.E.2d 448, 450; *Robatin, supra,* 61 Ohio St.3d at 69, 572 N.E.2d at 664.

The referee specifically delineated the perimeters of Powers's zone of employment, including the crosswalks connecting the various car lots. However, the referee also found that "it was not established· that during the course of his employment [Powers] was ever required to cross Brown Street at the corner of Stonemill, where the accident occurred," and the referee did not include that crosswalk in the zone of Powers's employment. The trial court adopted the referee's finding. The court's judgment in this respect is supported by competent credible evidence.

■ Furthermore, the Supreme Court appears to require that an employee actually arrive at the place of employment before the "zone of employment" exception to the general rule may be applied. See *Baughman v. Eaton Corp.* (1980), 62 Ohio St.2d 62, 63, 16 O.O.3d 45, 46, 402 N.E.2d 1201, 1202; *Robatin, supra.* In *Baughman,* the employee had parked his car on his employer's property before he was injured in a public street between the parking lot and the employer's plant. In contrast, the court denied Robatin's claim because he was injured in the public street adjacent to the employer's premises before he had arrived at his place of employment. *Robatin, supra.* Similarly, Powers had not entered Frank Z's premises when he was injured; therefore, the trial court properly refused to apply the "zone of employment" exception.

■ Finally, Powers contends that, based on the "totality of the circumstances," he was entitled to receive workers' compensation benefits. The Supreme Court developed the totality of the circumstances test to determine whether there was a causal connection between a claimant's injury and his employment. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 551 N.E.2d 1271. If the totality of the circumstances demonstrates that the injury was causally related to the employment, then the claimant is entitled to workers' compensation benefits regardless of whether he would otherwise fit within the going and coming rule. See *Robatin, supra,* 61 Ohio St.3d at 69–70, 572 N.E.2d at 664–665. The following factors are relevant under this test: "(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, syllabus.

■ It was undisputed that Powers was in close proximity to the place of employment. However, the referee found, and the trial court agreed, that Frank Z had "absolutely no control over the street" where Powers was injured. Powers correctly argues that the fact that the accident occurred on a public street does not automatically negate the right to compensation; however, Frank Z's lack of control over the street is a factor to be considered.

As to the third factor, the trial court adopted the referee's finding that Frank Z did not receive a benefit from Powers's being in the crosswalk at the time of the accident. The referee concluded that Powers "had not yet reported to work and was not yet performing any service for [Frank Z]." This conclusion is supported by the evidence, and Powers failed to demonstrate that he was entitled to receive workers' compensation benefits based upon the totality of the circumstances.

For the foregoing reasons, the assignment of error is overruled.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

BROGAN, P.J., and FREDERICK N. YOUNG, J., concur.