OPINION
On December 22, 1994, appellee, Mary E. Custard (an employee of appellant, First National Bank) drove to work and parked her car in a parking lot located across the street from the bank. The lot was one of several owned by the bank and was designated as a "Bank Employees Only" lot. Appellee clocked out for her lunch hour at 2:00 p.m., entered her vehicle and left the parking lot. Upon her return from lunch, she again parked in the same lot. When she attempted to walk across the street to return to the bank, she was struck by another vehicle and injured.
Subsequently, appellee filed a workers' compensation claim for these injuries. She specified injuries to her forehead, neck, right knee, and left shoulder. Appellee's claim was allowed through the various steps of the administrative appeals process. Appellant then appealed to the Sandusky County Court of Common Pleas, which granted summary judgment in favor of appellee and affirmed appellee's right to participate in the Worker's Compensation Fund.
Appellant now appeals that decision, setting forth the following two assignments of error:
"ASSIGNMENT OF ERROR I
 "THE TRIAL COURT ERRED IN FINDING NO ISSUES OF MATERIAL FACT IN DISPUTE AND GRANTING JUDGMENT IN FAVOR OF THE APPELLEE COUNTER TO CIVIL RULE 56(C), OHIO RULES OF CIVIL PROCEDURE.
"ASSIGNMENT OF ERROR II
 "THE TRIAL COURT ERRED IN FINDING APPELLEE ENTITLED TO PARTICIPATE IN THE WORKERS' COMPENSATION CLAIM FOR INJURIES NOT SUSTAINED IN THE COURSE OF AND ARISING OUT OF EMPLOYMENT AS REQUIRED BY SECTION 4123.01(C), OHIO REVISED CODE."
We will address appellant's assignments of error in reverse order.
 I.
Appellant, in its second assignment of error, claims that the trial court erred in concluding that appellant was injured in the course of and arising out of employment.
An employee who is injured in the course of his or her employment is entitled to receive workers' compensation for medical expenses sustained due to the injury. R.C. 4123.54. Generally, "an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." MTD Products, Inc. v. Robatin (1991),61 Ohio St.3d 66, syllabus.
However, the Supreme Court of Ohio has carved out the "zone of employment" exception to this rule. Id. at 68. For example, where an employee arrives at an employer-owned parking lot and is injured while crossing a public street between the lot and the work place, the employee is entitled to participate in the workers' compensation fund. Baughman v. Eaton Corp. (1980),62 Ohio St.2d 62, 63. See also, MTD Products, Inc., supra, at 69. Whether or not the employee's injuries are suffered in the "zone of employment" depends on the specific facts and circumstances of each case.
In this case, appellee returned from lunch and properly parked in a lot owned by appellant and specifically designated for employees only. Appellee was, of necessity, crossing the street to return to her workplace when she was struck by the car. Thus, following Baughman, supra, we conclude that appellant had arrived at her workplace and was within the "zone of employment". Consequently, she was properly awarded the right to participate in the workers' compensation fund.
Accordingly, appellant's second assignment of error is not well-taken.
 II.
Appellant, in its first assignment of error, argues that the trial court erred in granting appellee summary judgment because a genuine issue of material fact remained as to the proximate cause of appellee's injuries.
In reviewing a summary judgment, an appellate court must apply the same standard as the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Civ.R. 56(C) states, in pertinent part, that in determining a motion for summary judgment, the trial court reviews
 "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact."
The proper procedure for introducing an evidentiary matter not specifically authorized by Rule 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E)[1] Biskupich v. Westbay Manor Nursing Home (1986),33 Ohio App.3d 220, 222, citing State ex rel. Corrigan v. Seminatore
(1981), 66 Ohio St.2d 459, 467.
In this case, the only evidence submitted by appellant to refute appellee's injury claim was a partially illegible and uncertified copy of what purports to be a report by a "Dr. Stednick." The report was based upon a review of appellee's medical records. However, appellant failed to submit any affidavit whatsoever from the doctor to reference and authenticate this report. Thus, the report attached to appellant's answer in opposition to appellee's motion for summary judgment does not meet the admissibility requirements of Civ.R. 56 and is not entitled to consideration.[2]
Therefore, since the undisputed evidence presented demonstrates that appellee was injured in the course of her employment and sustained damages which were proximately caused by those injuries, we conclude that no genuine issue of material fact remains and appellee is entitled to judgment as a matter of law.
Accordingly, appellant's first assignment of error is not well-taken.
The judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.
[1] Civ.R. 56(E) requires that affidavits be made on personal knowledge, and "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."
[2] We note that even if the uncertified report were considered, it confirms that appellee, as a result of the accident, suffered aggravation of a pre-existing condition — a compensable event. See Shell v. Globe Trucking, Inc. (1990),48 Ohio St.3d 1.
This matter is before the court sua sponte. The court hereby issues this notice of errata and orders that the Opinion and Journal Entry in this case, dated June 5, 1998, be corrected as follows.
On page three, in the first paragraph of the discussion of appellant's second assignment of error, the phrase "concluding that appellant was injured in the course of and arising out of employment" is corrected to read "concluding that appellee was injured in the course of and arising out of employment."
On page four, in the second to last paragraph of the discussion of the second assignment of error, the phrase "appellant had arrived at her workplace" is corrected to read "appellee had arrived at her workplace."
James R. Sherck, J.