{¶ 13} I respectfully dissent because I disagree with the majority's conclusion that there are genuine issues of material fact as to whether Caponi's injuries were received in the course of, and arising out of, her employment.
 {¶ 14} The majority finds sufficient evidence demonstrating Caponi was injured "in the course of employment" to withstand summary judgment because they assume she was required to meet with other CVB employees at the Howl at the Moon ("the bar") after cleaning up the Heartland trade show. In making this assumption, the majority relies on Caponi's affidavit wherein she states that the invitation to meet at the bar "did not seem in any way to be a voluntary request that I was free to decline."[22]
 {¶ 15} However, at a prior deposition, Caponi stated under oath that she was not required to go to the bar. A party cannot defeat a motion for summary judgment by providing an affidavit which contradicts and is inconsistent with prior sworn testimony. Reasoner v. Bill WoesteChevrolet, Inc. (1999), 134 Ohio App.3d 196. Moreover, an affidavit cannot be used if it contradicts the affiant's prior sworn testimony.D'Agostino v. Uniroyal-Goodrich Tire Co. (1998), 129 Ohio App.3d 281. Therefore, this court cannot consider Caponi's affidavit and must accept her prior deposition testimony, where she testified she was not required to go to the gathering at the bar.
 {¶ 16} In Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277, the Ohio Supreme Court held that "`to be compensable, an injury must arise out of employment, in the sense of causation and be in the course of employment, in the sense of continuity of time, space, and circumstances.'" (Emphasis added.) Here, the continuity of time is broken by the hour Caponi spent socializing with coworkers at the bar. As a result of this interruption, Caponi was outside the scope of her employment when she left the bar.
 {¶ 17} The majority also finds that the Powerhouse parking lot may have been within the "zone of employment" or may constitute a "special hazard" because they find the evidence unclear as to whether the CVB "might have had actual or constructive control over * * * that location." However, there is no evidence in the record to suggest that the CVB might have had actual or constructive control over the Powerhouse parking lot. Further, Caponi's risk of falling in the parking lot was not distinctive in nature or qualitatively greater than the risk to the general public and, thus, was not a "special hazard." See Powers v. Frank Z Chevrolet
(1995), 100 Ohio App.3d 718, 721. Moreover, because the hour Caponi spent socializing at the bar broke the continuity of time spent in work-related activity and took her outside the scope of her employment, she was not within the "zone of employment" when she fell. Therefore, I find no genuine issue of material fact and I would affirm the trial court's decision granting summary judgment.
[22] Caponi's counsel admitted during oral argument that Caponi was not required to go to the bar.