OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, Margarita Gonzalez, appeals the decision of the Mahoning County Court of Common Pleas which granted summary judgment to the Defendant-Appellee, Mahoning County, Ohio. On appeal, Gonzalez raises three issues. She first argues that she was within the zone of employment when she was injured. Second, she argues that Mahoning County created a special hazard which entitled her to workers' compensation benefits. Third, she argues that the totality of the circumstances demonstrates that her injury was caused by or arose from her employment.
 {¶ 2} Generally, an employee cannot receive workers' compensation if she is coming or going to work when she is injured. But an employee can receive those benefits if she can prove one of three exceptions and Gonzalez argues each of these exceptions apply to her. One of those exceptions applies when the employee is within the zone of employment, i.e. when the employer controls the employee's actions to such an extent that the employee has no choice but to be at the place of the injury. When the facts are viewed in the light most favorable to Gonzalez, we conclude that a reasonable fact-finder could conclude that Gonzalez was in the zone of employment when she was injured. Accordingly, we reverse the trial court's decision and remand this matter for further proceedings.
 Facts and Standard of Review {¶ 3} Gonzalez worked for the Mahoning County Department of Job and Family Services at its Intake Office located in a shopping plaza. Mahoning County was renting that office space from the Cafaro Company. Arriving for work one morning about 8:00, while Gonzalez was walking from the parking lot to the employee entrance she was attacked and injured by an unknown assailant.
 {¶ 4} Mahoning County did not direct or control where Gonzalez parked for work. But the place where Gonzalez was injured was the walkway to the only place where employees were allowed to enter and exit the Intake Office. The Cafaro Company owned, operated, and maintained the plaza and the parking lot. But in the winter Mahoning County employees salted the walkway where Gonzalez was injured.
 {¶ 5} After the attack, Gonzalez filed an application for workers' compensation benefits. That application was initially denied based on the conclusion that Gonzalez was going to work, rather than being at work, at the time she was injured. Gonzalez then appealed this decision and the district hearing officer disallowed the claim. That decision was appealed to the staff hearing officer who vacated the DHO's decision and allowed the claim. Mahoning County appealed this decision to the Industrial Commission who concurred with the SHO's decision.
 {¶ 6} Finally, Mahoning County appealed this decision to the court of common pleas and Gonzalez filed her complaint in that court. Subsequently, Gonzalez and Mahoning County each filed cross-motions for summary judgment and the trial court granted Mahoning County's motion for summary judgment.
 {¶ 7} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, 304.
 {¶ 8} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in his favor. Brewer v. Cleveland Bd. of Edn. (1997),122 Ohio App.3d 378, 386. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293.
 {¶ 9} On appeal, Gonzalez raises two assignments of error which address the same issues of law and fact. Accordingly, they will be addressed together. They argue:
 {¶ 10} "The trial court erred in sustaining Defendant-Appellee Mahoning County's motion for summary judgment, by failing to address certain issues of fact in its decision."
 {¶ 11} "The trial court erred in sustaining Defendant-Appellee Mahoning County's motion for summary judgment, because viewed in a light most favorable to the non-moving party, there are clear issues of facts that need addressed by a jury."
 {¶ 12} The legal issued raised by Gonzalez in her assigned errors centers on the three exceptions to the general rule that injuries sustained while coming and going to work are not covered by the Workers' Compensation Fund. Specifically, Gonzalez argues there is conflicting evidence that the circumstances surrounding her injuries falls under one of the exceptions. Accordingly, we will review each exception in turn.
 Coming and Going Rule {¶ 13} "In order to participate in workers' compensation according to R.C. Chapter 4123, it is axiomatic that the employee must be injured `in the course of, and arising out of,' his employment." Powers v. Frank Z Chevrolet (1995),100 Ohio App.3d 718, 721. This ensures that there is a causal connection between the injury and the activities, conditions, and environment of employment. MTD Products, Inc. v. Robatin
(1991), 61 Ohio St.3d 66, 68. Accordingly, an employee who works at a fixed location and is injured while traveling to or from her place of employment, such as Gonzalez, is generally not entitled to participate in the Workers' Compensation Fund. Id. at syllabus. This is known as the "coming and going" rule and ensures that the injury was sustained "in the course of" and "arising out of' her employment. See Ruckman v. Cubby Drilling,Inc. (1998), 81 Ohio St.3d 117, 119; Werden v. Ohio Bur. ofWorkers' Comp., 151 Ohio App.3d 815, 2003-Ohio-1222, ¶ 9. The Ohio Supreme Court adopted this rule because the "time spent commuting is considered a private activity, not one undertaken in the service of the employer." Slagle v. White Castle Sys., Inc.
(1992), 79 Ohio App.3d 210, 214. However, there are three exceptions to the coming and going rule.
 Zone of Employment {¶ 14} The first exception is known as the "zone of employment" exception. MTD Products at 69. The zone of employment "is the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer." Merz v. Industrial Commission ofOhio (1938), 134 Ohio St. 36, 39; see, also, Marlow v. GoodyearTire Rubber Co. (1967), 10 Ohio St.2d 18. The Ohio Supreme Court has continually emphasized that an area is not in the zone of employment if the employer does not exert control over that area. See MTD Products at 69; Littlefield v. Pillsbury Co.
(1983), 6 Ohio St.3d 389, 393; Bralley v. Daugherty (1980),61 Ohio St.2d 302, 305.
 {¶ 15} "Control" for these purposes is defined as "`[t]he direct or indirect power to direct the management and policies of a person or entity.'" Jobe v. Conrad (Jan. 26, 2001), 2nd Dist. No. 18459, quoting Black's Law Dictionary (7th Ed. 1999) 330. This "connotes not only an opportunity to correct the defect but also the responsibility to do so." Id. "Control presumes an actual power, not the potential of obtaining it." Id. Control can be established either over the physical location or by showing that because of conditions created by the employer, the employee has no choice as to how to travel to his or her employment. SeeRemer v. Conrad, 153 Ohio App.3d 507, 2003-Ohio-4096; Johnstonv. Case W. Res. Univ. (2001), 145 Ohio App.3d 77.
 {¶ 16} Gonzalez argues that her injury occurred in the zone of her employment because Mahoning County exerted control over the walkway to the employee entrance. She argues that this control is evidenced by the fact that Mahoning County employees salted that walkway in the winter. But while this may be an indicia of some control over the area, it is not the sole indicia of control present in this case. As the Ohio Supreme Court has long held, an employer exerts control over an area when "the way used to enter or leave the place of employment is the sole and exclusive means of ingress and egress." Stevens v. Indus. Comm.
(1945), 145 Ohio St. 198, 201. Ohio's appellate courts have applied this principle in a variety of situations.
 {¶ 17} In Baughman v. Eaton Corp. (1980), 62 Ohio St.2d 62, the employee parked his vehicle in his employer's parking lot. The parking lot was located across a public street from his employer's plant entrance and was provided free of charge to employees. While walking across this street to his employer's plant, the employee was struck by an automobile. The Industrial Commission rejected the employee's claim for workers' compensation benefits and the trial court affirmed this decision. The Ohio Supreme Court disagreed.
 {¶ 18} "Appellee parked his automobile in the only employer parking lot then available to him free of charge. His injuries occurred on the public street as he proceeded, without deviation, toward the plant entrance prior to the commencement of his shift. Finally, appellee could not reach the plant entrance without crossing the public street." Id. at 63.
 {¶ 19} Based on these facts, the Ohio Supreme Court determined it would be unreasonable to deny the employee's claim merely because he was injured while crossing a public street.
 {¶ 20} In Mesazaros v. Legal News Publishing Co. (2000),138 Ohio App.3d 645, the Eighth District followed and appliedBaughman. The employee parked in a parking lot the employer assigned him to park in. The employer agreed to pay for his parking as a benefit of his employment. The employer then directed that the employee could take one of two access routes to the employer's building. One day, the employee was injured while walking to work after parking in his assigned space. As a result, he applied for workers' compensation benefits. His claim was allowed and the trial court granted the employee's motion for summary judgment after the employer appealed that decision.
 {¶ 21} On appeal, the Mesazoros panel concluded that under the circumstances, the employee had no choice but to park in the lot that was paid for and provided by his employer. Because the employer required the employee to park there, the Eighth District determined this demonstrated control which meant that the employee was in the zone of employment when he was injured.
 {¶ 22} The Sixth District was faced with a situation similar to this case in Berry v. G.C. Murphy Co. (Oct. 2, 1981), 6th Dist. No. L-81-049. In Berry, the employer did not open the customer entrance until 9:30 and any employee arriving prior to that time was required to enter the building through a rear entrance.
 {¶ 23} "The entrance is located on an alley which runs along the side of the defendant-appellant's building and is accessible to the general public and is used by the defendant-appellant for delivery of merchandise as well as for purposes of providing an employee entrance. This alley is owned by the government, is available and is used by the general public for vehicular and pedestrian traffic and is not owned, maintained or controlled by the defendant-appellant. This alley is the only access route by which employees can reach the employee entrance." Id.
 {¶ 24} One day, the plaintiff was injured on her way to work by slipping and falling in the alley approximately twenty feet away from the rear entrance. The plaintiff filed a claim for workers' compensation which the Industrial Commission allowed. The trial court affirmed this decision, which the Sixth District also affirmed.
 {¶ 25} "After reaching the entrance to the alley, the plaintiff-appellee was no longer acting of her own free will. At that point, because of the defendant-appellant's requirement that she enter through the employee entrance, her activities were hampered and controlled by the requirements of her job, and her movements along the alley to the employee entrance were necessary incidents of her employment. * * * Additionally, the alley where the plaintiff-appellee was injured was the sole and exclusive means of ingress since there was no other way to reach the entrance that the defendant-appellant required her to use, and thus she was effectively at her place of employment when she entered the alley." (Citations omitted) Id.
 {¶ 26} Cases which distinguish themselves from those cited above concentrate on the fact that the employee chose to be in the area where they were injured. See Johnston v. Case W. Res.Univ. (2001), 145 Ohio App.3d 77; Weiss v. Univ. Hosp. ofCleveland (2000), 137 Ohio App.3d 425. These cases concluded that since the employee had a choice over whether to be in that area, the employer had no control over the employee at the time of the injury. Accordingly, when the employees were injured while walking from their parking spots to work, they were not in the zone of employment.
 {¶ 27} When applying this law to the facts of this case, while keeping in mind that we must construe all facts in favor of Gonzalez, we conclude that a reasonable fact-finder could find that Gonzalez was in the zone of employment when she was injured. Although Mahoning County did not control where Gonzalez parked, the employee entrance was "the only way in which employees were to enter and exit the County Job Family Services Intake Office." There was a wall between the walkway to the employee entrance and the entrance for the general public. And in her deposition, Gonzalez indicated she was injured on this walkway. Because of the requirement that she enter through the employee entrance, a fact-finder could find that her presence at the scene of the injury was a necessary incident of her employment. Accordingly, the trial court erred when it granted Mahoning County's motion for summary judgment. Gonzalez's argument regarding this exception has merit.
 Special Hazard {¶ 28} Gonzalez next argues the trial court erred when it granted summary judgment to Mahoning County since her employment subjected her to a special hazard. While an employer's control over an area is "a significant factor in establishing the injury occurred in the course of the employment", it is not the only factor. Littlefield at 393. This gives rise to the second exception, known as the "special hazard or risk" exception. MTDProducts at 68. This exception applies when an employee sustains an injury because her employment creates a "special hazard".Littlefield at paragraph one of the syllabus. A hazard is a special hazard when(1) the employee would not have been at the location where the injury occurred but for the employment and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public. Id. at paragraph two of the syllabus. A court should only find a special hazard in rare circumstances. Freeman v. Brooks, 154 Ohio App.3d 371,2003-Ohio-4814, ¶ 21.
 {¶ 29} Gonzalez contends she falls under the special hazard exception because she would not have been injured if she were not at the location and her routine of coming into work at the same time every day established a pattern that her assailant could use to plan an attack. She argues that the attacker would not have had the opportunity to plan an attack against the general public since the general public would not have established this same routine.
 {¶ 30} As Mahoning County argues, Gonzalez's reliance on her established routine of coming into work at the same time is a novel argument which Gonzalez does not support with any authority. And other courts which have addressed whether there was a special hazard in what the employee was doing on the day of the injury do not support Gonzalez's argument. For instance, inFreeman v. Brooks, 154 Ohio App.3d 371, 2003-Ohio-4814, the court was asked whether the manner in which someone was transported to work was a special hazard. The appellate court concluded that the employee was "exposed only to the commuting hazards common to the public" and found that there was no special hazard. Likewise, in Johnston the appellate court concluded that there was not a special hazard in walking on a sidewalk since every person using the sidewalk faced the same risk of being struck and injured by an out-of-control pickup truck as the employee did.
 {¶ 31} In Powers v. Frank Z Chevrolet (1995),100 Ohio App.3d 718, the employee made an argument similar to Gonzalez's. In Powers, the employer required its salespeople to cross public streets frequently. One day when the employee was crossing the street, he was struck and injured by a vehicle. He argued that the fact that he was required to cross the street frequently showed that he was subject to a risk that is distinctive in nature or quantitatively greater than the risk common to the public. Both the trial court and the appellate court rejected this argument.
 {¶ 32} "Powers did not provide evidence that crossing one public street to get from his car to his office was a quantitatively greater risk than the risk common to the public. Moreover, Powers chose his parking spot with full knowledge that he would have to cross Brown Street to report to work. Evidence was presented to demonstrate that Brown Street was by far the most heavily traveled street in the area surrounding Frank Z. He was free to find a parking spot which would not have required him to cross Brown, but he elected instead to park in the closest available parking spot. Thus, it appears more likely that he, rather than Frank Z, created any special hazard that he faced on his way into work." Id. at 722.
 {¶ 33} Another case with an argument similar to Gonzalez's isSlagle v. White Castle Systems, Inc. (1992),79 Ohio App.3d 210. In Slagle, a minor was working the night shift at a restaurant on the weekends. One night, the employee walked home from work. On his way home, he was robbed and assaulted by unknown assailants. The trial court found that the risk of criminal assault was quantitatively greater for this employee than for the general public due to his status as a minor. Accordingly, it found there was a special hazard. The appellate court disagreed.
 {¶ 34} "Even if we were to accept this somewhat doubtful proposition as true, the trial court's approach improperly shifts the focus from the nature of the risk to the characteristics of the person injured. A special hazard under Littlefield and [MTD Products] is a work-related condition or risk which is distinctive in nature or quantitatively greater than the risks common to the general public. The existence of such a risk does not depend upon the individual characteristics of the employee injured. It depends, instead, upon the nature of the risk or condition and whether that risk is greater for employees than it is for members of the general public. [The employee]'s minority at the time in question has no impact upon this analysis. Because White Castle employees are no more susceptible to criminal assault than members of the general public walking down the same street, the special hazard rule does not apply." Id. at 215-216.
 {¶ 35} We reject Gonzalez's argument that her routine of coming to work at the same time every day created a special hazard. The focus of the special hazard analysis is on the nature of the risk at the time of the injury. Gonzalez improperly attempts to shift the focus to her characteristics and her particular routine. She has presented no evidence which demonstrates that she was more susceptible to criminal assault than anyone else present at the plaza at that time. Accordingly, her argument that the special hazard exception should apply is meritless.
 Totality of the Circumstances {¶ 36} The third exception to the coming and going rule Gonzalez relies upon is called the "totality of the circumstances" exception. MTD Products at 70. Under this exception, an employee is entitled to workers' compensation benefits if she can prove that there is a causal connection between the employee's injury and employment based on the totality of circumstances surrounding the accident. Id. "Although many uncompensable injuries bear some causal connection to an injured employee's employment, the legal analysis must focus on the nature and degree of the causal connection between the injury and the employment." Barber v. Buckeye Masonry Constr. Co.
(2001), 146 Ohio App.3d 262, 269. The following three factors are relevant when determining whether this exception applies: (1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and, (3) the benefit the employer received from the injured employee's presence at the scene of the accident. Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277. But since workers' compensation cases are very fact-specific, no one test can apply to every factual scenario. Ruckman v. CubbyDrilling, Inc. (1998), 81 Ohio St.3d 117, 122; Werden at ¶ 20.
 {¶ 37} Gonzalez argues that the fact that Mahoning County salted the walkway in the winter shows that it had control over the scene of the accident. She contends that Mahoning County benefited from her presence on the walkway since her job was important and would help Mahoning County function properly. Finally, she argues that she demonstrates the proximity prong by evidence that the walkway was directly connected to the employee entrance.
 {¶ 38} Gonzalez clearly does not fit the three enumerated factors when deciding whether an injury is caused by or arises from an employee's job. The scene of the accident was very close to her place of employment. But Mahoning County exhibited limited control over the area and its degree of control is the important consideration. The evidence shows that the Cafaro Company owned and maintained the parking lot. Mahoning County merely salted the walkway to ensure the safety of its employees. This does not show a great degree of control over the area. Finally, there is no reason to believe that Mahoning County benefited in any way from Gonzalez's presence on the walkway at that time. As she points out, it benefits from her presence at work. When she was on the walkway she was not yet present at work. Accordingly, Mahoning County was not receiving any benefit by her presence at the scene of the injury.
 {¶ 39} Although the factors enumerated by Fisher are non-exhaustive, we cannot conclude that a reasonable fact-finder could find that Gonzalez's injuries were caused by or arose from her employment when looking at the totality of the circumstances exception. She was attacked by an unknown assailant when she was on her way to work. Although the attack occurred near her workplace, it occurred on property that did not belong to her employer. There is no indication in the record that Gonzalez was a more likely target of such an attack by virtue of being a Mahoning County employee. Given these facts and circumstances, it appears that Gonzalez's argument that she falls within the totality of the circumstances exception is meritless.
 Conclusion {¶ 40} Gonzalez argues that the trial court erred in granting summary judgment to Mahoning County since a reasonable fact-finder could conclude that she was entitled to benefits under each of the three exceptions to the coming and going rule. Although her argument concerning two of those exceptions is meritless, she correctly argues that a reasonable fact-finder could conclude that she was in the zone of employment at the time of her injury. Trial court's decision to grant summary judgment to Mahoning County was incorrect.
 {¶ 41} Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings.
Waite, P.J., and Vukovich, J., concur.