DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lisa Castaneda, has appealed from the judgment of the Lorain County Court of Common Pleas granting summary judgment in favor of Appellees, AE Outfitters Retail Company and the Bureau of Workers' Compensation. This Court affirms.
 I. {¶ 2} Appellant, a store manager for Appellee AE Outfitters Retail Company ("AE Outfitters"), was struck by a car on the way to her car in the mall parking lot. At the time, Appellant was leaving her place of employment at Midway Mall. AE Outfitters rents retail space in Midway Mall. In addition, AE Outfitters leased the right to have non-exclusive use of the mall's parking lot. While granting use of the parking lot, the lease does not require AE Outfitters to maintain the lot, nor does it give AE Outfitters ownership or control of the lot.
 {¶ 3} As a result of her accident, Appellant filed for workers' compensation benefits. Appellant's claim has been denied at each administrative level by Appellee, the Bureau of Workers' Compensation ("the BWC"). Accordingly, on March 3, 2003, she appealed the determination of her right to participate in the fund to the Lorain County Court of Common Pleas. On September 26, 2003, AE Outfitters moved for summary judgment. On December 29, 2003, the BWC adopted the arguments of AE Outfitters and moved for summary judgment. Appellant opposed these motions, and the trial court granted summary judgment in favor of Appellees on January 21, 2004. Appellant timely appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"The trial court erred in finding as a matter of law that appellant was not injured in the course of and arising out of her employment as the evidence indicated that she was in fact injured in the course of and arising out of her employment."
 {¶ 4} In her sole assignment of error, Appellant contends that the trial court erred in granting summary judgment in favor of Appellees because her injury in fact arose in the course of her employment. This Court disagrees.
 {¶ 5} Appellate courts review an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the nonmoving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. at 292-93. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732,735.
 {¶ 8} In support of their motion for summary judgment, Appellees utilized the deposition of Appellant and the pleadings. Appellees established the facts as follows. Appellant was struck after her work day had ended. Appellant was walking to her car in the mall parking lot at the time of the accident. Appellant admitted that AE Outfitters does not have assigned parking, i.e., their employees may park anywhere in the mall parking lot. Appellant also admitted that she was not required to drive to work. Appellant further admitted that AE Outfitters had no responsibility for physically maintaining the parking lot and had no control over the parking lot. As such, Appellees met their initial burden of demonstrating an absence of a genuine issue of material fact. Dresher, 75 Ohio St.3d 280, 292.
 {¶ 9} In response to Appellees' motion for summary judgment, Appellant contended that Appellant was injured on the premises of AE Outfitters. Appellant argued that by virtue of leasing the right to non-exclusive use of the parking lot, the parking lot became the premises of AE Outfitters. Appellant argued that in the alternative, she was entitled to recover under either of two exceptions to the coming-and-going rule which typically acts to bar recovery. Appellant asserted that both the totality of the circumstances exception and the special hazard exception operated to permit her participation in the Workers' Compensation Fund. As set forth below, Appellant has failed to establish the existence of a genuine issue of material fact for trial. Id. at 292-93.
 {¶ 10} The sole issue before this Court is whether Appellant's injury occurred in the course of and arising out of her employment such that she would be allowed to participate in the Workers' Compensation Fund pursuant to R.C. Chapter 4123. As set forth below, we will utilize the coming-and-going rule to determine whether Appellant's injury is compensable. Ruckman v.Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117, 119.
"As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from [her] place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between injury and the employment does not exist." MTD Products, Inc. v.Robatin (1991), 61 Ohio St.3d 66, 68.
 {¶ 11} Appellant has first argued that the coming-and-going rule is inapplicable in the instant case because she was injured on the premises of her employer, AE Outfitters. In support of her contention, Appellant relies upon cases which found injuries to be compensable without applying the coming-and-going rule. SeeMarlow v. Goodyear Tire Rubber Co. (1967), 10 Ohio St.2d 18;Griffin v. Hydra-Matic Div., Gen. Motors Corp. (1988),39 Ohio St.3d 79; Gonzalez v. Bur. of Workers' Comp., 7th Dist. No. 03MA86, 2004-Ohio-1562. However, in Marlow, the claimant was injured when he fell in a parking lot owned, maintained, and controlled by his employer. Marlow, 10 Ohio St.2d at syllabus. Likewise in Griffin, the claimant was injured when falling on the driveway of her employer. Griffin, 39 Ohio St.3d at 81. In the instant case, Appellant conceded that AE Outfitters did not own, maintain, or control the parking lot in which she was injured. In Gonzalez, the court held that the injury was compensable despite the fact that the employer did not own or maintain the premises on which the injury occurred. Gonzalez,
at ¶ 27. However, the court also noted that the area in which the claimant was injured was the "only way" employees were permitted to enter and exit their jobs. Id. In the case sub judice, Appellant admitted that she could enter and exit through any of the mall entry ways. As such, we conclude that Appellant was injured after leaving the premises of her employer.
 {¶ 12} Therefore, we turn to the application of the coming-and-going rule. "While the coming-and-going rule works well in most of its applications, a claimant may avoid its force in the rare circumstance, where [she] can, nevertheless, demonstrate that [she] received an injury in the course of and arising out of [her] employment." Ruckman,81 Ohio St.3d at 120, citing MTD Products, 61 Ohio St.3d 66. Appellant has argued that two exceptions to the coming-and-going rule operate to permit her to participate in the fund.
 {¶ 13} First, Appellant has argued that the totality of the circumstances exception to the coming-and-going rule is applicable in her case. In examining the totality of the circumstances, this Court will examine:
"(1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." Lord v. Daugherty (1981), 66 Ohio St.2d 441, 444.
 {¶ 14} There is no dispute between the parties that Appellant was injured in close proximity to her place of employment. As such, the first factor weighs in favor of Appellant. However, Appellant has conceded that her employer had no control over the scene of the accident. AE Outfitters was permitted the nonexclusive use of the parking lot through a negotiated lease. They neither maintained nor owned any part of the parking lot. Further, their employees did not have assigned parking. Accordingly, the second factor weighs against Appellant. Finally, Appellant had left work for the day when the accident occurred. Therefore, AE Outfitters did not derive any particular benefit from Appellant's presence in the parking lot. MTD Products,61 Ohio St.3d 66 at 70. Based upon these facts, Appellant cannot succeed under the totality of the circumstances exception to the coming-and-going rule.
 {¶ 15} Finally, Appellant argues that the special hazard exception operates to grant her workers' compensation coverage. The special hazard exception applies to extend coverage to a claimant where:
"(1) `but for' the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature of quantitatively greater that the risk common to the public." Id. at 68.
 {¶ 16} This Court finds that the facts surrounding Appellant's injury do not support application of the special hazard exception. First, Appellant conceded that she was not required to drive to work and park in the mall parking lot. Further, she admitted that she chose where to park because AE Outfitters had no assigned parking spaces. Additionally, Appellant claimed that a special hazard existed because she was required to cross the parking lot approximately 300 times per year. The claimant in Powers v. Frank Z Chevrolet (1995),100 Ohio App.3d 718, made a similar argument. In Powers, the claimant sought to utilize the special hazard rule, asserting that he was required to cross the street hundreds of times each week in order to perform his job. Id. at 722. The court there found that the claimant's risk was not quantitatively higher than anyone else who crossed the street frequently. Id. The same can be said in the instant case. Appellant was not required to cross the parking lot as a part of her job. Further, her risk of injury was not quantitatively greater than the risk to the general public. By Appellant's own admission, it was established that anyone who frequently visited the mall would be subject to the same level of risk as Appellant. Accordingly, Appellant cannot avail herself to the special hazard exception to the coming-and-going rule.
 {¶ 17} Therefore, we find that Appellant was not injured in the course of and arising out of her employment. As such, she is not entitled to participate in the Workers' Compensation Fund, and the trial court did not err in granting summary judgment in favor of Appellees. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 18} Appellant's sole assignment of error is overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Slaby, J., Concur.