[Cite as *Molton v. Kroger Co.*, 2017-Ohio-565.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| JUDY MOLTON | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27184 |
| | : | |
| v. | : | Trial Court Case No. 15-CV-2973 |
| | : | |
| THE KROGER COMPANY, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of February, 2017.

. . . . . . . . . . .

JERALD A. SCHNEIBERG, Atty. Reg. No. 0062298, JENNIFER L. LAWTHER, Atty. Reg. No. 0066761, and DANIEL A. KIRSCHNER, Atty. Reg. No. 0086438, Nager, Romaine & Schneiberg Co., L.P.A., 27730 Euclid Avenue, Cleveland, Ohio 44132
　　　Attorneys for Plaintiff-Appellant

THERESA M. MUHIC, Atty. Reg. No. 0040649, Dinsmore & Shohl LLP, Fifth Third Center, Suite 1300, 1 South Main Street, Dayton, Ohio 45402
　　　Attorney for Defendant-Appellee, The Kroger Company

NATHAN P. FRANZEN, Atty. Reg. No. 0092532, 150 East Gay Street, 22nd Floor, Columbus, Ohio 43215
　　　Attorney for Defendant-Appellee, Bureau of Workers' Compensation

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Judy Molton appeals from the trial court's grant of summary judgment to Kroger on her claim for workers' compensation. Finding no error, we affirm.

## I. Background

{¶ 2} Sylvia Byrd was hired by Kroger in September 2013 to work at the store located on the corner of West Alex Bell Road and State Route 741, in Dayton, Ohio.[1] Byrd, who did not own a vehicle, took a public bus to and from the store. A public bus stop was located south of the store, on the opposite side of West Alex Bell Road.

{¶ 3} On October 5, 2013, Byrd finished her shift and clocked out. She started across Alex Bell Road toward the bus stop when she was struck by a vehicle and fatally injured. The police crash report states that Byrd was crossing the street outside a designated crossing area.

{¶ 4} Molton is the legal guardian for Byrd's son. In his behalf, she filed an application for workers' compensation with the Bureau of Workers' Compensation (BWC). Kroger contested the claim. A BWC District Hearing Officer denied the claim. Molton appealed to the Industrial Commission of Ohio, and the Commission refused the appeal. Molton then filed an appeal and complaint in the Montgomery County Common Pleas Court. Kroger moved for summary judgment. On June 14, 2016, the trial court granted Kroger's summary-judgment motion.

{¶ 5} Molton appealed.

## II. Analysis

{¶ 6} The sole assignment of error alleges that the trial court erred by granting

---

[1] The address of the store is 2917 West Alex Bell Road.

Kroger's motion for summary judgment. We review a trial court's summary-judgment decision de novo, "that is, we will consider the evidence as if for the first time—using the standard set out in Civ.R. 56." (Citation omitted.) *Argabrite v. Neer*, Ohio Sup. Slip Opinion No. 2016-Ohio-8374, ¶ 14. "A court may grant summary judgment only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and, viewing the evidence in the light most favorable to the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Id*. When deciding a summary-judgment motion, a court must first "read the evidence most favorably for the nonmoving party to see if there is a 'genuine issue of material fact' to be resolved." *Byrd v. Smith,* 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 12. If there is none, "the court then decide[s] whether the movant deserves judgment as a matter of law." *Id.*

**{¶ 7}** Here, there is no genuine issue of material fact, as the parties do not dispute what happened. So the only issue is whether Kroger is entitled to judgment as a matter of law. To determine that issue, we must determine whether Byrd's son is entitled to recover workers' compensation benefits as a result of her death.

A. *Participating in Ohio's Workers' Compensation Fund*

**{¶ 8}** An employee is generally entitled to workers' compensation for injuries "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). To establish the right to compensation, "a claimant has always had to show * * * that the injury arose out of and in the course of employment." (Citations omitted.) *Bennett v. Admir., Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, 982 N.E.2d 666, ¶ 18. "The test of the right to participate is * * * whether a 'causal

connection' existed between the employee's injury and his employment either through the activities, the conditions, or the environment of the employment." *Taylor v. Meijer, Inc.*, 182 Ohio App.3d 23, 2009-Ohio-1966, 911 N.E.2d 344, ¶ 12 (2d Dist.), citing *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990).

## B. *The coming-and-going rule*

**{¶ 9}** When an employee is injured in a traffic accident, the coming-and-going rule is used to determine whether the injury "occurs 'in the course of' and 'arises out of' the employment relationship so as to constitute a compensable injury under R.C. 4123.01(C)." *Ruckman v. Cubby Drilling*, 81 Ohio St.3d 117, 119, 689 N.E.2d 917 (1998). The rule generally precludes an employee "with a fixed place of employment, who is injured while traveling to or from his place of employment," from participating in the Workers' Compensation Fund, "because the requisite causal connection between the injury and the employment does not exist." *MTD Prods., Inc. v. Robatin,* 61 Ohio St.3d 66, 68, 572 N.E.2d 661 (1991). *See generally Ruckman* at 119 (explaining that workers' compensation laws "contemplate only those hazards to be encountered by the employee in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally").

## C. *Exceptions to the coming-and-going rule*

**{¶ 10}** The coming-and-going rule is not necessarily a complete bar to compensation, though. The Ohio Supreme Court has recognized " 'rare circumstances' where, despite being classified as a fixed-situs employee, an employee can nevertheless demonstrate that she received an injury in the course of and arising out of her employment

while traveling to or from work." *Janicki v. Kforce.com*, 167 Ohio App.3d 572, 2006-Ohio-3370, 855 N.E.2d 1282, ¶ 18 (2d Dist.), quoting *Ruckman* at 120. Three such circumstances, or exceptions, have been recognized: "(1) the zone of employment exception; (2) the special hazard exception; and (3) the totality of the circumstances exception." *Id.* at ¶ 19, citing *MTD Prods.* and *Ruckman.*

{¶ 11} The parties here agree that the coming-and-going rule applies to Byrd, but they disagree whether an exception also applies. Molton argues that both the first and the third exception apply, while Kroger argues that they don't.

### 1. *The zone-of-employment exception*

{¶ 12} An injury is compensable if it occurs within the "zone of employment." *MTD Prods.,* 61 Ohio St.3d at 69, 572 N.E.2d 661. "Zone of employment" has been defined as "the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer." *Merz v. Indus. Comm.*, 134 Ohio St. 36, 39, 15 N.E.2d 632 (1938). *See also Taylor*, 182 Ohio App.3d 23, 2009-Ohio-1966, 911 N.E.2d 344, at ¶ 19 (quoting this definition). The question here, then, is whether Byrd was injured in the zone of her employment with Kroger.

{¶ 13} Molton argues that *Baughman v. Eaton Corp.*, 62 Ohio St.2d 62, 402 N.E.2d 1201 (1980), governs this issue. In that case, the Ohio Supreme Court held that compensation was available to an employee who was hit by an automobile while crossing a public street between the entrance to the employer's plant and the only employer parking lot then available to him for free. We have pointed out that the Court in *Baughman* implicitly found that when the employee entered the parking lot, he reached his place of employment within the meaning of the zone-of-employment test. *Janicki*, 167 Ohio

App.3d 572, 2006-Ohio-3370, 855 N.E.2d 1282, at ¶ 27. After *Baughman*, in cases of injuries that occurred while traveling between an employee's work location and parking location, "courts of appeals have focused on the degree of the employer's control over the employee's parking location or, contrastingly, whether the employee chose to be in the area where he or she was injured." *Id.* at ¶ 31. Accordingly, under the zone-of-employment test, an employee is within the zone of her employment if the parking location "is under the employer's control and the street is the sole access route to the place of employment." *Id.* at ¶ 28, quoting *Meszaros v. Legal News Publishing Co.*, 138 Ohio App.3d 645, 647, 742 N.E.2d 158 (8th Dist.2000).

{¶ 14} But "[i]f the employee is injured on the public street while traveling from a lot not owned or operated by the employer, which the employees were not required to park in, the employee was not injured in the zone of employment." *Meszaros* at 647. In *Johnston v. Case W. Res. Univ.,* 145 Ohio App.3d 77, 761 N.E.2d 1113 (8th Dist. 2001), an employee was injured when a truck jumped the curb and hit her as she walked along the sidewalk from her work location to her car that was in a parking garage made available to her by her employer. The appellate court held that the employee was not in the zone of her employment, because her employer did not require her to park in the parking garage—she could choose how to travel to and from work—and the employer did not control the location in which she was injured, the sidewalk. We held similarly in *Powers v. Frank Z Chevrolet*, 100 Ohio App.3d 718, 654 N.E.2d 1053 (2d Dist.1995). In *Powers*, an employee was struck while crossing the street on his way to his job at a car dealership. He had parked on a nearby street because employees were not permitted to park on the sales lots. We held that he was not in the zone of his employment, because when he was

injured (unlike the employee in *Baughman*) he had not reached his employer's premises.

{¶ 15} Here, Byrd's injuries occurred when she was struck by a vehicle on a public street that she was crossing to reach a public bus stop. She was not traveling to an area controlled by Kroger, as Kroger had no control over the bus stop, or the public street, for that matter. And Kroger did not require Byrd to travel to or from work by bus. So this case is distinguishable from *Baughman* and similar cases involving a non-contiguous parking lot controlled by the employer. When the employees in those cases were injured, they were at their places of employment. That is not the case here. The zone-of-employment exception does not apply.

## 2. *The totality-of-the-circumstances exception*

{¶ 16} Compensation is also available if the totality of the circumstances surrounding the injury show a causal connection between the employee's injury and her employment. *MTD Prods.,* 61 Ohio St.3d at 70, 572 N.E.2d 661. The totality-of-the-circumstances test requires "primary analysis of the following facts and circumstances: '(1) proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.' " *Ruckman*, 81 Ohio St.3d at 122, 689 N.E.2d 917, quoting *Lord v. Daugherty*, 66 Ohio St.2d 441, 423 N.E.2d 96 (1981), at the syllabus.

{¶ 17} Even if an employee is injured near the place of her employment, no causal connection exists if the employer did not control the scene of the injury and did not receive a benefit from the employee's presence at the scene. *Powers*, 100 Ohio App.3d at 723-724, 654 N.E.2d 1053. In *Powers*, we held that the employee, injured in a public street on

his way to work, failed to satisfy the totality-of-the-circumstances test. The public street was near the place of employment, but it was not controlled by the employer. And the employer did not receive a benefit from the employee's being in the street when the injury occurred. The employee, we said, "had not yet reported to work and was not yet performing any service for [the employer]." *Id.* at 724. *See also MTD Prods.* at 70 (saying that "an employee arriving to begin his day's work is not yet performing any service for the benefit of his employer"). The Ninth District held similarly in *Castaneda v. AE Outfitters Retail Co.*, 9th Dist. Lorain No. 04CA008450, 2004-Ohio-5554, a case in which an employee of a store in a mall was hit by a car in the mall's parking lot while walking to her car that was parked in the lot. In addition to finding that the employee was injured near her place of employment and that the employer had no control over the parking lot, the appellate court found that the employer "did not derive any particular benefit" from the employee's presence in the parking lot. *Castaneda* at ¶ 14. The employee, the court pointed out, had left work for the day when the accident occurred.

{¶ 18} Here, Byrd was injured near her place of employment in a location over which Kroger had no control. And Kroger received no apparent benefit from Byrd's presence in the street. When she was injured, her work shift had ended, she had clocked out, and she was on her way home. Byrd was not engaged in any employment-related activities. Because the circumstances of Byrd's injury do not show a causal connection between her injury and her employment with Kroger, the totality-of-the-circumstances exception does not apply.

{¶ 19} The coming-and-going rule precludes recovery of workers' compensation benefits as a result of Byrd's injury and death. Therefore Kroger is entitled to judgment

as a matter of law.

{¶ 20} The sole assignment of error is overruled.

### III. Conclusion

{¶ 21} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, J., and BROGAN, V.J., concur.

(Hon. James A. Brogan, Judge, retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Jerald A. Schneiberg
Jennifer L. Lawther
Daniel A. Kirschner
Theresa M. Muhic
Nathan P. Franzen
Hon. Dennis J. Langer