**BUY–RITE LUMBER COMPANY, Appellant,**

v.

**BANK ONE, AKRON, N.A., Appellee.**

[Cite as *Buy–Rite Lumber Co. v. Bank One, Akron, N.A.* (1991), 81 Ohio App.3d 74.]

Court of Appeals of Ohio,
Summit County.

No. 14953.

Decided July 24, 1991.

*Marybeth G. Maxwell* and *Scott H. Ruport,* for appellant.

*Ronald N. Towne,* for appellee.

---

REECE, Judge.

Buy–Rite Lumber Company ("Buy–Rite") returns this case to us for the third time in as many years to appeal the decision of the trial court granting summary judgment in favor of Bank One, Akron, N.A. ("Bank One"). Recapping, Buy–Rite supplied building materials to Joseph Purcell & Son, Inc. and Jeffrey Purcell ("Purcell"), general contractors for several homes in northern Summit County. Buy–Rite sent prior notices to Bank One, which had extended to Purcell a construction loan, detailing its intent to deliver the materials to Purcell at two of the homesites. After receiving these letters, Bank One disbursed funds to Purcell from the ultimate homeowners' purchase money mortgages.

The trial court initially granted Bank One summary judgment upon Buy–Rite's complaint, finding that the bank owed no duty to Buy–Rite as a materialman under R.C. 1311.011(B)(5). This court reversed on the basis of *Thompson Elec., Inc. v. Bank One, Akron, N.A.* (1988), 37 Ohio St.3d 259, 525 N.E.2d 761, finding that a lending institution may owe a duty to subtrades before disbursing funds from a purchase money mortgage loan. See *Buy–Rite Lumber Co. v. Bank One, Akron, N.A.* (Oct. 18, 1989), Summit App. No. 14038, unreported, at 3, 1989 WL 122545.

On remand, the trial court again granted Bank One summary judgment, but sidestepped this court's mandate to review the factual issue concerning the sufficiency of the notices pursuant to the statute. See *Buy–Rite Lumber Co. v. Bank One, Akron, N.A.* (July 11, 1990), Summit App. No. 14453, unreported, 1990 WL 99060. This court reversed and remanded the cause to the trial court for consideration of the sufficiency of the notices. *Id.*

Back in the trial court for a third time, Bank One again moved for summary judgment, arguing that Buy–Rite's notices were insufficient to meet the requirements of R.C. 1311.011(B)(5). The court agreed, and granted Bank One's motion. Buy–Rite appeals, asserting a single assignment of error.

## ASSIGNMENT OF ERROR

"The judgment of the trial court in granting the defendant's-appellee [*sic*], Bank One, motion for summary judgment by finding that the notices sent by plaintiff-appellant, Buy–Rite, are not sufficient under R.C. 1311.011(B)(5), is

not sustained by the evidence, is against the manifest weight of the evidence and is contrary to law."

■ Trial and appellate courts adhere to the same standard in reviewing summary judgment. Inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion; if reasonable minds can come to but one conclusion, adverse to the nonmoving party, then the movant is entitled to judgment as a matter of law. See *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976, and Civ.R. 56(C).

■ Buy–Rite argues that the trial court erred in granting summary judgment because a material supplier is an appropriate party to assert a cause of action against a lending institution, R.C. 1311.011 and *Thompson Elec.*, *supra*, 37 Ohio St.3d at 265, 525 N.E.2d at 767, and because its letters to Bank One were sufficient notice to inform the bank of its claim and trigger scrutiny of the general contractor's affidavit pursuant to R.C. 1311.011(B)(5). While we agree with the former as a correct statement of law, we disagree with the latter and affirm the decision of the trial court.

R.C. 1311.011(B)(5) provides:

"When making any payment under the home construction contract or on behalf of the owner or part owner under a home purchase contract, the lending institution may accept the affidavit of the original contractor required by division (B)(4) of this section and act in reliance upon it, unless it appears to be fraudulent on its face. The lending institution shall not be financially liable to the owner, part owner, purchaser, lessee, or any other person for any payments, except for gross negligence or fraud committed by the lending institution in making any payment to the original contractor.

"After receipt of a written notice of a claim of a right to a mechanic's lien by a lending institution, failure of the lending institution to obtain a lien release from the subcontractor, materialman, or laborer who serves notice of such claim is prima-facie evidence of gross negligence."

■ The two letters from Buy–Rite to Bank One at issue here, essentially identical forms with specifics as to property location and the approximate value of the materials to be delivered inserted on blank lines, state that Buy–Rite would be furnishing the material in the near future to the contractor at the building sites noted. Buy–Rite relies heavily upon the decision in *Blanchester Lumber & Supply, Inc. v. Cardinal State Bank* (1988), 56 Ohio App.3d 25, 564 N.E.2d 1074, in asserting that its letters to Bank One were sufficient notices pursuant to R.C. 1311.011(B)(5). In *Blanchester*, however, the material supplier's letter to the bank noted that it *had been* furnishing

material for a building under construction. *Id.* at 26, 564 N.E.2d at 1075. In contrast, Buy–Rite sent its letters to Bank One *prior* to its delivery of the materials to the contractor at the construction sites. As the trial court determined, the letters did not give the bank notice of Buy–Rite's claim of right to a mechanic's lien, but only informed the bank that Buy–Rite intended to deliver the material in the future, and that after such delivery a sum certain would be owed on account to Buy–Rite from the contractor, Purcell. The bank was thus not placed on notice that the proposed delivery evolved into an actual delivery, nor was it thereafter informed as to whether the amount to be owed on account ever matured into a construction debt by Purcell. Simply stated, Buy–Rite could not have emplaced the equivalent of a mechanic's lien against material it intended to deliver prior to such delivery. For either the trial court or this court to approve of such methodology would be, by judicial imprimatur, to place the cart before the horse. The assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and CACIOPPO, J., concur.