[Cite as *Pursuit Commercial Door Solution, Inc. v. ROCE Group, L.L.C.*, 2019-Ohio-3251.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PURSUIT COMMERCIAL DOOR
SOLUTIONS, INC.

    Appellant

    v.

ROCE GROUP LLC

    Appellee

C.A. No.     29157


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2016-11-4979

DECISION AND JOURNAL ENTRY

Dated: August 14, 2019

TEODOSIO, Presiding Judge.

{¶1} Pursuit Commercial Door Solutions, Inc. ("Pursuit") appeals the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of ROCE Group, LLC ("ROCE"), on Pursuit's claim for the foreclosure of a mechanic's lien. We reverse and remand.

I.

{¶2} In 2015, ROCE, the owner of real property in Stow, Ohio, hired Moosally Construction, Inc. ("Moosally") to construct the Fairfield Inn & Suites Hotel. Moosally hired Pursuit to perform work involving the installation of doors, door frames, and related hardware. On May 6, 2015, ROCE filed a notice of commencement with the Summit County Fiscal Office. On September 10, 2015, Pursuit served a notice of furnishing on Metro City Bank and attempted to serve the same on ROCE at the address listed on its notice of commencement. Pursuit first

supplied materials or labor to the project on October 17, 2015. Pursuit alleged that Moosally failed to pay Pursuit's invoices, and on July 11, 2016, Pursuit recorded a mechanic's lien.

{¶3} In November 2016, Pursuit filed its complaint against multiple defendants, including Moosally and ROCE, with its sole claim against ROCE being the foreclosure of the mechanic's lien. ROCE filed a cross-claim against Moosally and a counterclaim against Pursuit. On February 22, 2018, the trial court ruled on motions for summary judgment, including granting summary judgment in favor of ROCE on Pursuit's claim for foreclosure on its mechanic's lien.

{¶4} Pursuit now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN CONCLUDING THAT A SUBCONTRACTOR ON A COMMERCIAL CONSTRUCTION PROJECT MUST WAIT UNTIL AFTER IT STARTS WORK BEFORE SERVING ITS NOTICE OF FURNISHING, DESPITE THE EXPRESS LANGUAGE IN R.C. 1311.05 THAT THE NOTICE OF FURNISHING MAY BE SERVED "AT ANY TIME AFTER THE RECORDING OF THE NOTICE OF COMMENCEMENT . . . BUT WITHIN TWENTY-ONE DAYS AFTER PERFORMING THE FIRST LABOR OR WORK," AND DESPITE THE STATUTORY NOTICE OF FURNISHING FORM IN R.C. 1311.05(B) REQUESTING A DATE THAT "WORK WILL BE PERFORMED OR FURNISHED FIRST."

{¶5} In its assignment of error, Pursuit argues the trial court erred in concluding that Pursuit's notice of furnishing was invalid because it was served prior to Pursuit performing any labor or furnishing any materials. We agree.

{¶6} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of

the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶7} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶8} In granting summary judgment in favor of ROCE on Pursuit's claim for foreclosure of its mechanic's lien, the trial court found that because Pursuit served the notice of furnishing prior to performing any work or furnishing any materials for the project, it did not

provide proper notice of a mechanic's lien. Consequently, the trial court concluded that the notice was invalid and that Pursuit did not preserve its lien rights.

{¶9} R.C. 1311.05, titled "Notice of Furnishing," provides:

Except as provided in section 1311.04 of the Revised Code and this section, a subcontractor or material supplier who performs labor or work upon or furnishes material in furtherance of an improvement to real property and who wishes to preserve the subcontractor's or material supplier's lien rights shall serve a notice of furnishing, if any person has recorded a notice of commencement in accordance with section 1311.04 of the Revised Code, upon the owner's, part owner's, or lessee's designee named in the notice of commencement or amended notice and the original contractor under the original contract pursuant to which the subcontractor or material supplier is performing labor or work or furnishing materials, as named in the notice of commencement or amended notice and at the address listed in the notice or amended notice at *any time after the recording of the notice of commencement or amended notice but within twenty-one days after performing the first labor or work or furnishing the first materials* or within the extended time period provided for in division (I) or (J) of section 1311.04 of the Revised Code.

R.C. 1311.05(A) (Emphasis added.).

{¶10} The statute clearly states that "a subcontractor * * * who wishes to preserve [their] lien rights shall serve a notice of furnishing * * * at any time after the recording of the notice of commencement or amended notice but within twenty-one days after performing the first labor or work or furnishing the first materials * * *." As such, there are two timing requirements for the service of a notice of furnishing under R.C. 1311.05(A): first, it must be after the recording of the notice of commencement or amended notice; second, it must be within twenty-one days after performing the first labor or work or furnishing the first materials. There is no requirement that a notice of furnishing can only be filed after the commencement of labor or the furnishing of materials. The language of R.C. 1311.05(A) is plain and unambiguous and conveys a clear and definite meaning; as such, there is no need for this Court to apply rules of statutory interpretation. *See State v. Kreischer*, 109 Ohio St.3d 391, 2006–Ohio–2706, ¶ 12.

{¶11} In finding that Pursuit served the notice of furnishing prematurely, the trial court relied upon *Buy-Rite Lumber Co. v. Bank One, Akron, N.A.*, 81 Ohio App.3d 74 (9th Dist.1991). We find *Buy-Rite Lumber* to be distinguishable.

{¶12} In *Buy-Rite Lumber*, the appellant ("Buy-Rite") provided building materials to a general contractor for construction on several homes in Summit County. *Id.* at 75. Buy-Rite sent notices, in the form of letters, to Bank One, which had extended a construction loan to the contractor, detailing its intent to deliver materials at two of the home sites. *Id.* After receiving the notices, Bank One disbursed funds to the contractor from the ultimate homeowners' purchase money mortgages. *Id.* On Bank One's motion for summary judgment, the trial court concluded that the notices were insufficient to meet the requirements of R.C. 1311.011(B)(5). *Id.*

{¶13} In affirming the judgment of the trial court, we stated that the letters did not give the bank notice of Buy-Rite's claim of right to a mechanic's lien, but only informed the bank that Buy-Rite intended to deliver the material in the future, and that after such delivery a sum certain would be owed on account to Buy-Rite from the contractor. *Id.* at 77. We concluded the bank was not placed on notice that the proposed delivery evolved into an actual delivery, nor was it thereafter informed as to whether the amount to be owed on account ever matured into a construction debt. *Id.*

{¶14} The notices considered in *Buy-Rite Lumber* were provided for by R.C. 1311.011(B), which addresses liens "that secure payment for labor or work performed or materials furnished in connection with a home construction contract or in connection with a dwelling or residential unit of condominium property, that is the subject of a home purchase contract * * *." Specifically, the provision under consideration in Buy-Rite Lumber provides: "After receipt of a written notice of a claim of a right to a mechanic's lien by a lending

institution, failure of the lending institution to obtain a lien release from the subcontractor, material supplier, or laborer who serves notice of such claim is prima-facie evidence of gross negligence." R.C. 1311.011(B)(5).

{¶15} Unlike *Buy-Rite Lumber*, the case before us does not involve a home construction project; consequently, neither R.C. 1311.011(B), nor our cases decided under R.C. 1311.011(B) are implicated. As stated above, R.C. 1311.05(A) provides timing requirements for the service of a notice of furnishing; it does not require that a notice of furnishing can only be served after the commencement of labor or the furnishing of materials.

{¶16} Pursuit's assignment of error is sustained.

III.

{¶17} The judgment of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision.

Judgment reversed
and remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL L. FORTNEY and MICHAEL R. FORTNEY, Attorneys at Law, for Appellant.

MICHAEL R. STAVNICKY, Attorney at Law, for Appellee.